## A. G. ELLIS *vs.* G. N. WILCOX.

### EXCEPTIONS FROM RULINGS OF AUSTIN, J.

### OCTOBER TERM, 1884.

### JUDD, C. J.; McCULLY AND AUSTIN, JJ.

Defendant bought of plaintiff sixty shares in an incorporated company; and five certificates of stock, representing said shares, were delivered to defendant, who handed them back to plaintiff, to be exchanged for one certificate for the same stock, to be made out in defendant's name; when the new certificate was tendered to defendant, he refused to receive it:

Held, the sale was complete by the defendant accepting the five certificates, and was not rendered incomplete by the defendant returning the five certificates to be exchanged for one.

If there is no conflict of evidence as to the facts, the question of delivery and acceptance in a sale of personal property is for the Court; if there is contradictory evidence, the question should be left to the jury.

Exceptions overruled.

### OPINION OF THE COURT, BY AUSTIN, J.

THIS action was brought to recover $4,200 and interest, as the purchase price of sixty shares of the capital stock of the Honolulu Ice Works Company, a corporation established and existing under the laws of this Kingdom, and claimed to have been sold and delivered by the plaintiff to the defendant.

The action was tried before Mr. Justice Austin and a jury, at the last July Term, and a verdict was rendered for the plaintiff, as he claimed, and the defendant appeals to this Court.

The plaintiff's and defendant's witnesses disagree as to the facts. Upon the plaintiff's showing, the defendant offered to buy the sixty shares of stock at $70 a share, and thereupon five regular certificates of the stock, aggregating sixty shares, were endorsed by the parties in whose names they were issued, and were handed by the plaintiff to the defendant, and he took them, counted and examined them, and said they were all right, and said he would pay for them in the morning, and then said that he would like to have them in one certificate. The plaintiff then

said if the defendant wished he would get the stock in one certificate in defendant's name.   The defendant thereupon took the certificates out of his pocket and handed them back to the plaintiff, who took them, and thereafter surrendered them at the office of the company, and procured a certificate for sixty shares in the defendant's name, and the next day it was tendered to the defendant, who refused to receive or pay for it, whereupon this action was brought.

The defendant says he made the offer of $70 a share for the stock, and the plaintiff said he would take it.   The defendant then said, "I did not expect you to accept that offer," and plaintiff said, "It's a bargain."   That when the plaintiff had endorsed the certificates, he came up to defendant with them in his hand, and counted out sixty shares.   Defendant said, "I don't want them; I don't know what to do with them."   Plaintiff said, "I will get them changed for a new certificate," and started for the door.   Defendant said again that he did not want the stock, and the next day declined to receive or pay for the new certificate for sixty shares on its being tendered to him.

The questions in the case arise on exceptions to the Judge's charge.

The Judge charged that the sale was complete upon the defendant's acceptance of the endorsed shares, with the intention to appropriate them to his own use, and that his returning them for the purpose of having them replaced by a new certificate in his own name, was not enough to make the sale incomplete.   This was excepted to, upon the ground that it assumed that such intention was proven or admitted, and left nothing for the jury to find, either upon the direct facts testified to, or upon the inference to be drawn from those facts.

In considering this exception, or any exception, to a charge, the charge must be looked at as a whole.   Another point stated to the jury by the Court was that if the facts were as shown by the defendant, the verdict must be in his favor, and whether that were so, or the facts were as shown by the plaintiff, was left to the jury, so that exception as a whole is untenable.

The only point of moment to be examined is the last clause excepted to, that the return of the five certificates, to be exchanged

for one in defendant's own name, was not enough to make the sale incomplete.

The authorities cited by defendant's counsel are ample, and unquestioned by us, that if in a contract of sale any thing remain to be done by selection, by measurement, by alteration of the thing sold, or by taking possession, the delivery may be held incomplete, and the sale unaccomplished, and whether to be so held is usually a question for the jury.

Section 1483 of the Civil Code enacts that if certificates of stock in a corporation are issued, the stock may be transferred by the endorsement and delivery thereof. This provision substantially accords with the law in all commercial countries, so far as we have heard.

Now, the five certificates of stock aggregating sixty shares, in the hands of the defendant, were of the exact commercial value of the one certificate for sixty shares afterwards tendered to him. Having the five in hand, the defendant, by surrender of them at the office of the corporation, could require one certificate instead thereof, and, having the one, could at will require the five for it. Either, when in hand, includes the power to get the other. The kind of paper the certificates are written on, the nature of the handwriting, even the words used, or the date, or the name of the certifying officer are of no moment; if the certificate is a legal certificate, it is exactly equivalent in value to another or others of the same number of shares. The material of the certificates constitutes no part of their value.

If, then, the defendant, having the five certificates in hand, said they were all right, and asked the plaintiff to get them exchanged for the one, he made the plaintiff his agent for that purpose, and if the next day, when the one certificate was tendered him, he had taken it, it would have included the right at any time of getting by surrender five certificates of the same amounts and worth the same as those originally given up. It is impossible to conceive that the rule cited, of something left to be done which renders the sale incomplete, can apply to this case.

If this be so, then the part of the charge complained of was right in law, and but little else remains of the defendant's case.

The defendant excepts to the instruction that, "if the facts were as testified to by the witnesses for the plaintiff, the plaintiff

was entitled to a verdict in his favor;" and to the instruction that it "was for the Court and not for the jury to say what facts constitute an acceptance."

These exceptions must be treated as applied to the facts of the case at bar. The charge was not written, and we have no short-hand reporter. If the literal words of a charge are abstractly considered, many a sound direction might be construed unsound. This would not be fair to the Court or the litigants.

The question in the case was whether there was a delivery and acceptance of the stock.

In *Hatch vs. Bayley*, 12 Cush. 27, Shaw, C. J. says that the delivery is a question of law on undisputed facts. In *Perkins vs. Hinsdale*, 97 Mass. 157, the Court say: "If in a contract to sell, the conversation was chiefly oral, not absolutely distinct in its terms or consistent in its different parts, and its effect partly depends on inference to be drawn from it," the question goes to the jury.

In *Merchants' National Bank vs. Bangs*, 102 Mass. 291, the Court say, in a case where the question was as to the sale and delivery of car-loads of corn : " Practically, the difficulty is to ascertain, when the evidence is meager or equivocal, what the real intention of the parties was at the time. It is properly a question of fact for the jury, under proper instructions, and must be submitted to them, unless it is plain as matter of law that the evidence will justify a finding but one way."

In *Lane vs. Old Colony R. R. Company*, 14 Gray 143, in an action of replevin, where defendant claimed a special lien for balance of freight unpaid, the facts were undisputed, and the Court held, as matter of law, that the lien was good.

In *Hardy vs. Potter*, 10 Gray 89, the Court charged that if certain facts were true, they would constitute a delivery, and it was held right.

In *Wood vs. Tassell*, 6 Q. B. 234, quoted from in Benjamin on Sales, Section 681, the suit was for delivery of hops, part of a larger quantity in warehouse of one Fridd. The plaintiff was informed, after the sale, that the hops were at Fridd's, and went there, and had them weighed and took away part, and before he went for balance, they were seized by a creditor of the vendor ;

held that the delivery by defendant was all he was bound to make. In this case it is worth remarking that Lord Denman, in delivering the judgment, said : "I was induced by some degree of importunity to leave it as a question to the jury whether the defendant ought not to have given the plaintiff a delivery order, though not expressly required in performance of his contract. We all think that I was wrong in so submitting the matter to them, and that the correct course would have been to direct them that, under the circumstances, Fridd held the hops as agent for the plaintiff." See also Benjamin on Sales, Sections 679, 682 to 693 ; 362.

These cases, and others like them, of which there are many, are decisive of the question at bar. In frequent instances whether there is a delivery and acceptance is a matter of uncertainty, and then the decision should be left to the jury. There are cases which hold that whether there are delivery and acceptance are questions for the jury, but those cases are where the evidence is doubtful or equivocal.

Where the article to be sold is of large bulk, and cannot be taken possession of at one time, or where it is a part of other merchandise and has to be separated or measured, or where the time or method of delivery is not sure, then what was the intention of the parties is obscure, and may well be left to the jury.

But the delivery of commercial paper or stock certificates, as in this case, leaves room for no such doubts.

If the sole proof had been, as the plaintiff showed, that he offered the stock to the defendant, and the defendant said he would take it, and thereupon the certificates were indorsed and handed to the defendant, and then he took them, and said " It is all right, and I will pay for them in the morning," the delivery and acceptance would have been complete as matter of law. If upon such sole facts the jury had found for the defendant, the verdict would have been set aside, as entirely against evidence.

If, on the other hand, the sole facts were as testified by the defendant, and he never had the stock in his hand ; whatever else may have been said or done by him, there would be no de-

livery in law, and the sale would be incomplete, and a verdict against the defendant would have been set aside.

These two hypotheses were submitted to the jury. Such submission was beyond doubt usual and lawful; not to have submitted it would have been error. The jury in this case were entitled to a direction as to what would, if found by them, constitute delivery and acceptance, and therefore entitle the plaintiff to a verdict.

The jury, after long deliberation, delivered a verdict for the plaintiff, thereby finding that the facts testified to in his behalf were true.

This verdict cannot be gainsaid.

One item of the charge, given at the defendant's request, was that "there must be an actual receipt by the buyer, with the ultimate intention on his part to appropriate the stock to his exclusive use, and to place it under his exclusive control; otherwise there is no acceptance; and that the seller must have so divested himself of the possession of the property, and the buyer must be so vested with it as to become the absolute owner, discharged of all lien for the purchase money on the part of the seller."

The defendant's counsel claims that upon this instruction the evidence does not sustain the verdict, and, further, that it is inconsistent with the other instruction given.

If what we have said as to those instructions, and as to the verdict, are right, then the last instruction was not inconsistent with the others given.

On all the points in the case the verdict must be sustained. Exceptions overruled. Judgment affirmed.

*F. M. Hatch*, for plaintiff.

*A. S. Hartwell*, for defendant.

Honolulu, November 24, 1884.

*See Wilcox vs. Ellis, post.*