*C. W. Ashford*, for plaintiff.

*W. C. Achi*, for defendant.

---

ANNA PHELPS, Plaintiff in Error, *vs.* JOSEPH O. CARTER, Defendant in Error.

WRIT OF ERROR.

HEARING, DECEMBER 26, 1894.    DECISION, FEBRUARY 18, 1895.

JUDD, C.J., BICKERTON, J., AND J. A. MAGOON, ESQ., A MEMBER OF THE BAR WHO SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

(1) A person named in the will as executor renounced the trust on the will being proved in the probate court and an administrator with the will annexed was appointed who wound up the estate and was discharged. The will was contested and the case carried on appeal to a jury who sustained the probate. After the discharge of the administrator a writ of error was sued out alleging error in the charge of the court and the assignments of error were served upon the executor named in the will, as defendant in error. Held, that the writ should be quashed because served upon the wrong person.

*Semble*, if the administrator had been made defendant in error, plaintiff in error would be remediless so far as the property of the testator was concerned, it having been delivered to the devisee.

(2) Any person " aggrieved " may apply for a writ of error.

OPINION OF THE COURT, BY JUDD, C.J.

This is a writ of error to review and correct certain alleged errors of law in the charge of the Circuit Judge to the jury on an appeal from the Probate Court to the jury, the issue being the competency of one Charlotte Adams to make the will in question. The will was admitted to probate on the petition of J. O. Carter who was the executor therein named. Mr. Carter in his petition prayed that the will be admitted to probate and "that letters testamentary be issued to some person to be named by the Honorable Court," and on the will being proved and the announcement made in open court that Mr. Carter would renounce the appointment as executor, the court appointed, on nomination of the devisee, Mr. Charles Lucas. This was on the 3d of November, 1893. The will was contested and finally carried to a jury and a verdict sustaining the probate was rendered May 24th, 1894. Exceptions were taken and a motion for a new trial filed but not argued. On the 10th July Mr. Lucas, administrator, by his counsel moved that the motion for a new trial be heard and disposed of on the 12th, and on that day the motion was heard and overruled. Later the parties by counsel stipulated that the contestants should have until 1st September, 1894, to have the bill of exceptions allowed. This was not done. Meanwhile the administrator had settled the estate, paid the liabilities, filed his accounts, and, pursuant to published notice of hearing, on the 9th of November, 1894, the day set, the accounts were allowed and Mr. Lucas discharged from all further responsibility as administrator and his bond cancelled, having delivered the remaining property to the devisee named.

On the 24th November the contestant Anna Phelps filed her petition for a writ of error, which was served upon J. O. Carter as defendant in error. At the December term of this Court a motion to quash the writ was made upon the following grounds:

(1)    That there are other parties in interest besides plaintiff in error.

(2)    That the writ of error was not issued within six months from the rendition of the judgment complained of.

(3)    That J. O. Carter is not a party to the proceedings, having renounced the executorship of the will in question but that Charles Lucas was the administrator with the will annexed and was the proponent of the will at the May term, 1894.

(4)    That the judgment complained of was fully satisfied and executed previous to the issuance of the writ.

(5)    That the matters set forth and alleged as error are not legal grounds upon which the writ should issue.

(6)    That no bond was filed by plaintiff in error to pay the judgment in case of failure to sustain the writ.

We overrule the first ground of the motion to quash.    We think the statute, Chap. 95, Laws of 1892, defining writs of error allows any party "aggrieved" to sue out such a writ and it is not essential that all the parties who contested the probate of the will should be joined as petitioners for the writ.

We think the motion to quash should be sustained upon the third ground.    The proper party to be served with the copy of the assignment of errors, as defendant in error, was Charles Lucas.    He was the representative of the estate. Mr. Carter, the executor named, had refused to accept the trust.    The issue before the jury on appeal from the Probate Court was between Mr. Lucas and the contestant.    This point is sufficient upon which to dismiss the proceedings. But an analysis of the statute on writs of error raises serious doubts whether error will lie to correct proceedings of this nature.    The statute says :   Sec. 1, that the writ may be had "at any time before execution thereon is fully satisfied, within six months from the rendition of judgment." But in our case the verdict of the jury rendered no judgment sounding in damages upon which execution could issue and be satisfied.    So also the bond required by Sec. 8, to be filed

by plaintiff in error "conditioned for the payment of the judgment in said original cause in case of failure to sustain the writ of error" could not follow the statute literally for there was not nor could there be a judgment capable of being paid, when the issue before the jury was the question whether the will was validly executed. If an argument by analogy is admissible in this case we should be inclined to hold that the discharge of the administrator, if not a "satisfaction of the execution," made the plaintiff in error remediless so far as the estate theretofore in the case of the court was concerned. The property of the testator was, pending administration, in the hands of the court and the court had control of it through the administrator, but at the date of the application for the writ, the trust had determined and the administrator had no longer any interest in or concern for it.

The writ is quashed.

*C. W. Ashford,* for petitioner.

*W. A. Kinney* and *C. Brown,* for respondent.