# IN RE ESTATE OF BERNICE PAUAHI BISHOP.

### APPEAL FROM A DECISION OF CHIEF JUSTICE JUDD, WHO RESERVED ALL QUESTIONS OF JURISDICTION.

SUBMITTED APRIL 3, 1897.  DECIDED APRIL 17, 1897.

### FREAR AND WHITING, JJ., AND CIRCUIT JUDGE CARTER, IN PLACE OF JUDD, C.J., DISQUALIFIED.

No appeal now lies from a decision of a Justice of the Supreme Court to the Supreme Court, such appeal having been taken away by Chap. 109, Session Laws of 1892.

Where jurisdiction is not conferred on a tribunal by law, it cannot be conferred by consent of parties. A judicial officer, having no jurisdiction over the subject matter, cannot acquire jurisdiction by consent of parties, nor can such jurisdiction be conferred by a testator by the terms of his will.

Neither the Supreme Court, nor a Justice thereof at chambers, have original jurisdiction in probate and equity.

### OPINION OF THE COURT BY WHITING, J.

By the will of Bernice Pauahi Bishop, a bequest and devise of property, both real and personal, was made to trustees named in the will, for the erection and maintenance of the Kamehameha Schools; and the testatrix, in the 13th section of the

3

will, directed that "my trustees shall annually make a full and complete report of all receipts and expenditures, and of the conditions of said schools to the Chief Justice of the Supreme Court, or other highest judicial officer in this country; and shall also file before him annually an inventory of the property in their hands and how invested, and to publish the same in some newspaper published in Honolulu." The trustees made their annual report, and filed the inventory for the year 1896, to the Hon. A. Francis Judd, Chief Justice of the Supreme Court, and he referred the accounts to a Master who made a report thereon. The trustees took exception to the Master's report, and, on a hearing, the Chief Justice sustained the Master's finding and report on a certain part, and the trustees appeal to this the Supreme Court.

Before stating and considering the merits of the point appealed, two questions arise as to jurisdiction:

*First.* Had the Chief Justice as a Judge or court, any power or authority to hear and decide upon the matters submitted to him under the will?

*Second.* Is there any appeal from the decision of the Chief Justice of the Supreme Court to the Supreme Court itself?

The second question will be first considered and must be answered in the negative.

Prior to the Judiciary Act of 1892, Chap. 57, the Supreme Court had original and appellate jurisdiction, and the several Justices had original jurisdiction, in probate and equity. By that Act the Supreme Court became purely an appellate court, and the original probate and equity jurisdiction was taken from it and from its several Justices. But by Section 69 of said Act, appeals were allowed "from all decisions, if solely on points of law, * * * of the Justices of the Supreme Court at chambers to the Supreme Court." This section was however amended by Chap. 109, Session Laws of 1892, which eliminates and strikes out this provision of the law, and it leaves no appeal in such cases.

We hold that the trustees have no appeal to this Court from the decision rendered by the Chief Justice at chambers.

As to the first question raised, we are of opinion that the Chief Justice had no judicial jurisdiction to hear and determine, as a court or judge, the matters presented to him, and at most he could be, while acting thereon, a mere arbitrator or referee, and the record made cannot be considered as a judicial record of the Supreme Court or a Justice thereof, and it is void as a judicial decision. Prior to the Act of 1892, Chap. 57, the Chief Justice might well have been considered as acting as a judge with jurisdiction over the subject matter, for he then was invested with original jurisdiction in probate and equity, and could hear such matters at chambers, and there was an appeal from the decisions rendered by a single Justice to the Supreme Court.

It is claimed that the necessary jurisdiction is conferred on the Chief Justice by the will, but this can only be advanced on the theory of jurisdiction being conferred by consent of parties. Parties can only confer jurisdiction *in personam* by consent, but where the court has no jurisdiction of the subject matter, no consent of parties can give jurisdiction.

12 Am. & Eng. Encyc. of Law, 300, *et seq.*

The Judges of the Circuit Courts at Chambers have original jurisdiction in probate and equity, and all such matters pending in the Supreme Court were transferred to the Judges of the First Circuit Court by the Act of 1892. And I am of opinion that the annual accounts of the trustees should have been presented to a Judge of the First Circuit Court for settlement, as it was one of the matters annually pending in the Supreme Court, and so transferred by the Judiciary Act of 1892. Further, the Chief Justice of the Supreme Court being now without jurisdiction in this matter, I am of opinion that the language in the will (providing for the report to the Chief Justice) *"or other highest judicial officer in this country"* can without

forced construction mean "other highest judicial officer" *having judicial jurisdiction* over the subject matter of the same nature as this, that is, annual settlement of trustees' accounts under a will probated heretofore in the Supreme Court; and that such highest judicial officer would now be one of the Judges of the First Circuit Court. Our procedure and practice has been that the probate court in which a will containing provisions for trustees to hold and manage the property bequeathed for trust purposes, has been probated, retains jurisdiction over such trusts and requires annual accounts of the trustees to be rendered and passed upon. As to trusts other than those in probate, a court of equity has general jurisdiction. Mr. Justice Frear and Judge Carter, however, desire to express no opinion on the views set forth in this paragraph.

The main question was as to the allowance of commissions to the trustees and the construction of the term "general profits" in relation to the receipts and returns of a cattle ranch. This question we decline to decide, in view of the foregoing conclusion as to jurisdiction.

*Kinney & Ballou*, for appellant.