# LEE YAU, LEE CHUNG BANK and LEE SUNG *v.* REPUBLIC OF HAWAII.

### Error to the District Court of Honolulu.

Submitted July 8, 1897.     Decided September 6, 1897.

Frear and Whiting, JJ., and Circuit Judge Perry, in place of Judd, C. J., absent.

The facts averred, and not the name given by the pleader, determine the offense charged.

A finding of "guilty" means "guilty as charged."

The facts averred showed conspiracy in the third degree only, but the offense was called conspiracy in the second degree. The evidence showed conspiracy in the third degree as charged. The Magistrate made a finding of "guilty" without specifying the degree. Held, the defendants were charged with, tried for, and found guilty of conspiracy in the third degree, and there was no error.

### OPINION OF THE COURT BY FREAR, J.

The plaintiffs herein and one other person were brought before the District Court on a charge, as stated in the warrant of arrest, of "conspiracy, to wit, the violation of Section 1, Chapter 28 of the Penal Code." This charge was made more specific in court by averments which, in substance, charged a conspiracy to accuse and prosecute one Chong Fook with the offense of maintaining a lottery in violation of Section 1, Chapter 21, Prov. Gov't Laws. The Magistrate's notes contain this entry: "Demurrer to charge as amended, that facts therein stated, do

not amount to conspiracy as stated. Charge amended to conspiracy in the 2nd degree." The defendants below pleaded not guilty; evidence was taken; and the Magistrate found each of the plaintiffs herein "guilty" and sentenced each to imprisonment at hard labor for one year and to pay costs.

Section 1, Chapter 28, Penal Code, defines conspiracy. By Section 9, conspiracy to do certain things, one of which is "to charge any one with felony," "is in the first degree." By Section 10, "conspiracy not appearing to be in the first degree, is in the second," etc. This Section 10 is amended by Chapter 102, Laws of 1892, so as to read: "A conspiracy to establish, create, manage or conduct a trust or monopoly in the purchase and sale of any commodity is in the second degree," etc., and a new section is added as follows: "Section 11. Conspiracy not appearing to be in the first and second degrees, is in the third degree," etc. Maintaining a lottery is only a misdemeanor.

The specific charge did not set forth a conspiracy in the first degree. The words "in the 2nd degree" were added apparently through an oversight that Section 10, Chapter 28, of the Penal Code, had been amended, or rather that a new section of different substance had been substituted for it and that the substance of the old section (10) had been put in a new section (11) making in the third degree most of what had previously been in the second degree.

The specific averments are sufficient to charge conspiracy in the third degree. The evidence is sufficient to sustain those averments and to support a finding of guilty in the third degree. The sentence is within the limit prescribed for the third degree. See *Re Hoopai*, 10 Haw. 613. The Magistrate found the plaintiffs herein "guilty" without specifying the degree. This means that he found them guilty as charged. What was charged? The charge contains certain averments and then calls the offense therein set forth conspiracy in the second degree, although the averments made and proved show a conspiracy in the third degree only. It is well settled that the giving of a wrong name to the offense charged does not vitiate the charge. The wrong

name is regarded as surplusage. The averments and not the name given by the pleader, determine the offense charged. *U. S. v. Lehman*, 39 Fed. R. 768; *State v. Davis*, 41 Ia. 311; *People v. Cuddike*, 54 Cal. 53. The plaintiffs herein were, therefore, charged with conspiracy in the third degree; they were tried on that charge as the evidence shows; and they were found guilty as charged. There was, therefore, no error. We do not doubt that the Magistrate, as well as counsel in the lower court, thought the charge was made under Section 10 of the old statute, but it is immaterial what law they thought they were acting under so long as they in fact acted under the right law. It is certain, however, that they did not think they were trying a case of conspiracy in the second degree under the new law. They thought they were trying the degree of conspiracy which embraced all kinds of conspiracy not specificially enumerated, and they merely mistook the Section in which that degree was described and called by the wrong number or name the degree or offense with which the plaintiffs herein were charged, for which they were tried and of which they were found guilty.

It is unnecessary to consider whether if the charge were such as to authorize a finding of guilt in any one of several degrees the presumption from a general finding of "guilty" would be in favor of the highest or the lowest degree. See *King v. Cornwell*, 3 Haw. 154.

The writ is dismissed.

*Kinney & Ballou* for plaintiffs in error.
*J. T. De Bolt* and *P. Neumann* for defendant in error.