## TONG ON *v.* TAI KEE.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH CIRCUIT..

SUBMITTED APRIL 29, 1898.        DECIDED MAY 10, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

It appearing that the court had no jurisdiction of the subject matter
of the case, it is dismissed.

OPINION OF THE COURT BY JUDD, C.J.

A bill of exceptions by the defendant came to this Court
from the Circuit Court of the Fourth Circuit. The case was
originally brought in the District Court of South Hilo, Hawaii,
where judgment was entered for the defendant. Plaintiff then
appealed to the Circuit Court, Fourth Circuit, where it was
heard by the court, jury waived and judgment rendered for the
plaintiff. Five exceptions are made to the rulings of the court on
the admission and exclusion of certain evidence. The sixth and
last exception is to the judgment and general finding of the
court. The bill of exceptions throws no light upon the question
of the inadmissibility of the evidence admitted against defen-
dant's objection or the admissibility of that excluded against
his objection. We might dismiss the bill on that ground. But
we deem it essential to examine this case further. The declara-
tion in the District Court is as follows:

"1.    That on the 10th day of July, A. D. 1897, the plaintiff
purchased of the defendant one certain building occupied by
the defendant as a blacksmith shop and situated in Hilo, Hawaii,
together with the tools, furniture and other fixtures together

with a certain lease of ground held by defendant and embracing the ground upon which said, building stood. Which said lease defendant agreed to assign to plaintiff, all for the consideration of two hundred and seventy ($270.00) dollars to be paid by plaintiff; all of which will more fully appear by a certain acknowledgment or bill of sale made executed and delivered to plaintiff, a copy of which is hereto attached marked 'A' and made a part hereof.

2. That plaintiff has paid and tendered to the defendant the full amount of the purchase price as set out in said agreement or bill of sale, within the time therein provided, and has demanded possession of the property therein sold, and an assignment of the lease therein specified, which the defendant has neglected .and now neglects and refuses to do.

3. That by reason of the foregoing wrongful acts of the defendant, plaintiff has been damaged in the sum of $30.00.

Wherefore plaintiff prays that he have judgment against defendant for the delivery of the property specified in said bill of sale, and for the assignment and delivery of the lease therein mentioned, together with $30.00 damages and costs of suit."

The agreement or "bill of sale" is in the Chinese language and is translated by the official translator as follows:

"It is clearly stipulated that Leong Kung Tai (Tai Kee) has agreed to sell the business of his horse-shoeing shop together with buildings, fixtures, tools and lease to one Tong On. It is mutually agreed by both parties that the purchase price shall be $270.00 (two hundred and seventy dollars). The sum of $100.00 (one hundred dollars) is to be paid in advance, and the balance of $170.00 (one hundred and seventy dollars) shall be allowed to be payable in a month's time, or with 3 to 5 days' grace if necessary. Now it is clearly stipulated that the complete surrender of the shop is to take effect on the 12th day of July, 1897. That Kung Tai shall hold himself responsible for all debts contracted by him to different parties. It is clearly stipulated that the price has been fixed at $270.00 (two hundred

and seventy dollars). Fearing that a verbal agreement may lead to misunderstandings this receipt is specially made out in writing and delivered to Tong On to be kept as proof hereof. Should either of the two parties, Kung Tai or Tong On retract from said agreement the party who so retracted shall pay as forfeiture a sum equal to the amount of 'earnest-money' to the other. This writing is therefore specially made.

(Signed)                                TAI KEE."

When the exceptions in this case were brought up before us the suggestion of want of jurisdiction of the District Court of the cause was made to counsel, and this question was by agreement to be argued on briefs to be filed later by counsel. Defendant's brief now urges that the case should be dismissed for want of jurisdiction. Plaintiff's brief has nothing on this point. But conceding that the case discloses an "improper joinder of causes of action," plaintiff contends that the defendant has waived the objection, not having made it in the Circuit Court. We will consider this point later. Examination of the plaintiff's declaration shows that it sets up a written contract whereby defendant agreed to assign to plaintiff a lease and a house thereon and certain chattels, a tender of the balance of the consideration, a refusal to execute the assignment and a prayer for a judgment of the delivery of the property specified in the agreement, for the assignment and delivery of the lease and for damages.

Equity only has cognizance of suits to enforce specific performance of a contract. See Comp. Laws, p. 389. Law courts have no such jurisdiction or authority. The District Court and the Circuit Court on appeal were entirely without jurisdiction and the judgment of the Circuit Court ordering defendant to execute the lease is null and void and incapable of enforcement. Why, then, should this Court proceed further to examine the bill of exceptions? If the exceptions were sustained, this Court would stultify itself by ordering a new trial of a case that the Circuit Court was without jurisdiction to entertain. So also

if the exceptions were overruled, this Court should not allow a void judgment to stand.

No plea to the jurisdiction was made below, and court and counsel proceeded with the case as if law had cognizance. But parties cannot by waiver confer jurisdiction over the subject matter upon the court. *Kona Coffee Co. v. Circuit Court,* 10 Haw. 572. Courts of law have jurisdiction of actions to recover specific personal property as in replevin. But the right to a recovery of the chattels in this case is not based upon a separate count and the part of the case of which law has jurisdiction cannot be distinguished from the rest of the case of which equity has jurisdiction.

We know of no better way to dispose of this case than to dismiss it altogether, without prejudice, and it is so ordered.

Costs to be divided.

*Hitchcock & Wise* for plaintiff.

*G. F. Little* for defendant.