*G. A. Davis* for respondent.

---

IRENE II HOLLOWAY *v.* CHAS. A. BROWN.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED MARCH 12, 1902.          DECIDED APRIL 7, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A writ of error may issue from this Court to a Circuit Judge sitting, in Probate, at Chambers.

A Circuit Judge, at Chambers, has no jurisdiction to revise or modify a decree of divorce rendered in the Circuit Court.

The consent of the parties cannot give the Judge or Court jurisdiction over the subject matter of a controversy.

OPINION OF THE COURT BY GALBRAITH, J.

The defendant in error filed a petition in the Probate Court of the First Circuit, at Chambers, alleging in part that on November 18th, 1898, Irene Ii Brown was appointed and qualified as the guardian of George Ii and Francis Hyde Ii Brown, the children of petitioner and said Irene Ii Brown, and that no provision was made for petitioner to visit said children; that Irene Ii Brown has since her appointment as guardian married one Carl Holloway; that the said guardian is contemplating a visit to Cal-

ifornia, and praying for an order appointing such time for the petitioner to see said children as the court shall deem proper and that the court further order that the custody of said children be awarded to the petitioner during the absence of their said guardian.

The plaintiff in error answered this petition admitting her marriage to Holloway and her appointment as guardian and that no provision was made for the petitioner to visit the children and that no request for such provision was made by him and that she contemplated a visit to California and alleged that on May 27th, 1898, by the Circuit Court of the First Circuit she was granted an absolute divorce from the petitioner and that by the decree of divorce she was given the care and custody of said minors and that since said date she has had the continuous care and custody of them; that the petitioner also has married again; that it is not for the benefit of said children that their custody be given to petitioner and that said minors do not desire their care and custody changed.

At the hearing the Circuit Judge expressed grave doubts of his jurisdiction in Probate to make the order but on consent of Mrs. Holloway he did make an order fixing a time for the petitioner to see said children and awarding him their care and custody for such time.

Mrs. Holloway afterwards sued out a writ of error from this court assigning as error (1) that the Circuit Judge sitting in probate had no jurisdiction "to make and render said order and decree," (2) "that the said order and decree was and is absolutely void."

On the hearing in this court the defendant in error presented a motion to quash the writ on a number of grounds. The principal one is that no writ of error lies to review the decision, order, judgment or decree of a court of probate.

It is urged in support of the motion that the provision of the statute authorizing appeals in probate proceedings is exclusive and prohibits the use of the writ of error in such cases; again, that a writ of error will not run to a judge of probate for the

reason that proceedings before him are not usually according to the course of the common law. Again it is contended that an analysis of the statute authorizing the writ demonstrates that only the common law writ of error was contemplated by the legislature enacting the statute.

Chapter 93, Civil Laws, providing for the writ was approved January 11th, 1893, (Session Laws, 1892, pp. 272, 275), after the act to reorganize the Judiciary (Session Laws, 1892, pp. 90, 125), in which is found the provision for appeals in probate proceedings, was in force, and this act as passed by the legislature was entitled "An Act to define writs of error."

The first section reads: "A writ of error may be had by any party deeming himself aggrieved by the decision of any Justice, Judge or Magistrate, or by the decision of any court except the Supreme Court, or by the verdict of a jury, at any time before execution thereon is fully satisfied, within six months from the rendition of judgment. (Sec. 1443, C. L.)

The third section provides that, "A writ of error may be had to correct any error appearing on the record, either of law or fact, or for any cause which might be assigned as error at common law; provided, however, that no writ of error shall issue for any defect of form merely in any declaration, nor for any matter held for the benefit of the plaintiff in error." (Sec. 1445, C. L.)

A reading of the above sections seems to be a full and complete answer to all of the objections raised by the motion. The fact that this statute was passed subsequently to the statute providing for appeals and exceptions is a complete refutation of the claim that the statute of appeals was an exclusive method of presenting questions in probate proceedings to the appellate court for review.

Any person deeming himself aggrieved by the decision of any (1) Justice, (2) Judge, (3) Magistrate, (4) Court, except the Supreme Court, (5) or by the verdict of a jury may cause the writ to issue and the writ issues "to correct any error appearing on the record" or for any cause which might be assigned as error at common law. The writ authorized by this statute is broader than the common law writ of error and seems to cover all cases, except as otherwise provided in the statute, that might be brought

up for review by appeal or exceptions and to be a concurrent method, with appeal and exceptions, for presenting causes to this court.

This view of the statute was announced by this Court a short time after the writ of error statute was enacted (1895), in a case wherein it was said, "But the statute now makes a writ of error and a bill of exceptions concurrent methods for the correcting of errors made in the lower courts, the conditions and limitations in each method being different." *Cummings v. Iaukea,* 10 Haw. 1-4.

The long established practice in this court strongly emphasizes the correctness of the above interpretation. In *Peacock v. Lovejoy,* 5 Haw. 238, it was said: "The write gives times to discover errors of law which the hurry incident to an appeal may have caused to be overlooked. The different remedies seem wise and consistent."

The writ has issued from this Court to review alleged errors in a decree in equity (*Vierra v. Hackfeld,* 8 Haw. 436); to review proceedings in Probate in the Circuit Court (*Phelps v. Carter,* 9 Haw. 638); the decision of a district magistrate, (*Lee Yau et al. v. The Republic,* 11 Haw. 143); the decision of a Circuit Judge, (*V. S. & T. Co. v. Hayashi,* 13 Haw. 695); the verdict of a jury rendered in the Circuit Court, (*Pringle v. H. M. Co., Id* 705).

In view of these decisions we feel confident in the correctness of our conclusion that the writ may issue to review the order or decree of a Circuit Judge sitting in Probate. The motion to quash will be denied.

On the merits of the cause but one question is raised by the assignment of errors, i. e., did the Circuit Judge, sitting in Probate, at Chambers, have jurisdiction to make the order complained of?

The decree of divorce was granted upon the petition of the plaintiff in error by the Circuit Court of the First Circuit at term. The defendant in error filed a written appearance in said action but did not contest it. The decree was granted as prayed

in the petition and the custody of the two minor children award-
ed to the plaintiff. The statute authorizing this decree reads:
"Upon annulling a marriage, or decreeing a divorce, the court
may make such further decree as it shall deem expedient, con-
cerning the care, custody, education and maintenance of the
minor children of the parties, and determine with which of the
parents the children or any of them shall remain; and the court
may from time to time afterwards, on the petition of either of the
parties, revise and alter such decree concerning the children, and
make a new decree concerning the same, as the circumstances of
the parents and the benefit of the children may require." (Sec.
1944, C. L.)

This decree was not appealed from, nor has application been
made to the court rendering it to modify or revise the same. It
will be observed that it is the *Court* and not the Judge that is
authorized to "revise and alter such decree concerning the child-
ren."

The order appointing the plaintiff in error guardian of the
wards did not in any way revise or modify the decree of divorce
giving her their custody. The order complained of giving the
defendant in error their custody for certain time did change,
revise and modify the decree of divorce.

No statute has been called to our attention giving the Judge
of Probate specific authority to make the order in question. The
defendant in error in supporting the order seems to rely on two
grounds; (1) the general jurisdiction of the Probate Court over
the person and estates of minors; (2) the consent of the plaintiff
in error to the making of the order.

The order cannot be supported on either of these grounds. The
status of these minors and their custody was determined by the
decree of the Circuit Court, at term, the only court having juris-
diction of the subject matter, and of the persons of the parties.
The same court is given specific authority to "revise and alter
such decree concerning the children" but a probate judge has no
such authority and cannot make a legal order changing the cus-
tody of the children. A well considered case on this question is
*Hoffman v. Hoffman*, 15 Ohio State 427. Nor could the con-
sent of the plaintiff in error give the Probate Judge power to

make the order. It is an elementary principle that consent of parties cannot give a judge or court jurisdiction of the subject matter of a controversy. *Est. of Bishop*, 11 Haw. 33; *Tong On v. Tai Kee*, 11 Haw. 424.

The cause is remanded to the Judge of the First Circuit Court, at Chambers, in Probate, with direction to set aside and vacate the order set out in the petition for writ of error and to dismiss the defendant in error's petition for said order.

*Robertson & Wilder* for plaintiff in error.

*Magoon & Dillon* for defendant in error.