LORRIN ANDREWS *v.* THE HONORABLE WILLIAM L. WHITNEY, SECOND JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF THE TERRITORY OF HAWAII, AND ESTELLE ANDREWS.

PETITION FOR WRIT OF PROHIBITION.

ARGUED AUGUST 23, 1912.                    DECIDED SEPTEMBER 6, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DIVORCE—*alimony—misconduct of wife.*

> Upon a divorce granted upon the sole ground of the desertion of the wife the court rendering the decree is without jurisdiction to award alimony.

COURTS—*jurisdiction—by consent.*

> In such a case consent of the parties is ineffectual to give the court power to award alimony.

CONTEMPT—*disobedience of void order.*

> A commitment for an alleged contempt which consists in the disobedience of an order made without jurisdiction is void.

PROHIBITION—*contempt proceedings—void order.*

> A writ of prohibition may be issued to prohibit a divorce court from enforcing by proceedings for contempt a void order for the payment of alimony.

OPINION OF THE COURT BY PERRY, J.

In a suit for divorce in which the present petitioner was libelant a decree was entered granting a divorce from the bonds of matrimony on the sole ground of the wife's desertion. The libellee had answered denying the truth of the allegation of desertion and was represented by counsel at the trial. No cross-libel was filed. By stipulation of the parties, however, a provision was entered in the decree ordering the libelant to pay alimony to the libellee in a stated sum monthly beginning with February 1, 1912. Thereafter, the husband failing to pay part

of the sums required under this provision of the decree, upon motion of the libellee the circuit judge issued an order requiring the libelant to show cause why he should not be adjudged guilty of contempt of court for the failure to pay. The libelant moved to quash the order to show cause, the motion being based upon the ground that the original order for alimony was beyond the jurisdiction of the court and that the court was equally without power to enforce by contempt proceedings compliance with that provision of the decree. After argument the motion was overruled, leave for an interlocutory appeal denied and a time appointed for the hearing upon the order to show cause. Thereupon a writ was sued out from this court prohibiting the libellee and the trial judge from further attempting to enforce the order for alimony. The prayer is that the writ be made perpetual. To the petition for the writ of prohibition one of the respondents demurred and the other answered, both claiming that the petition on its face shows that the order for alimony was not beyond the jurisdiction of the court.

The main question in the case is as to the validity of the order referred to. R. L., Sec. 2237, provides that "upon granting a divorce for the adultery or other offense amounting thereto, of the husband, the judge may make such further decree or order against the defendant compelling him * * * to provide such suitable allowance for the wife for her support as the judge shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." The language of this section is clear and unambiguous. The authority to award alimony is expressed to be conferred "upon granting a divorce for the adultery or other offense amounting thereto, of the husband." The section purports to state with fulness all of the power of the trial judge in a divorce proceeding to award alimony. The maxim *enumeratio unius est exclusio alterius* applies. The authority to award alimony upon granting a divorce for the misconduct of the wife is by the language used clearly negatived.

Other considerations strengthen this view of the construction of the statute and of the intention of the legislature. No other provision in our statutes points to the existence of the power in our divorce courts to grant alimony as an incident to a decree for the fault of the wife. R. L., Sec. 2244, expressly provides that "a wife divorced for adultery or other offense amounting thereto, shall not be entitled to dower in her husband's estate, or any part thereof, nor to any share of his personal estate." The phrase "other offense amounting thereto" used in the section just quoted and in section 2237 is the equivalent of "any other ground for divorce." *Correra* v. *Correra,* 19 Haw. 326, 328. And it is settled law in this jurisdiction that even during the existence of the marriage relation the wife forfeits her right to support by her husband if she lives apart from him without just cause. *Forrester* v. *Hurtt,* 18 Haw. 215; *Dole* v. *Gear,* 14 Haw. 554. The doctrine of alimony is based upon the common law obligation of the husband to support his wife and our law, written and unwritten, is consistently to the effect that neither during marriage nor after dissolution of that relation, whether by divorce or by death, does that obligation exist if the wife has without cause ceased to live with her husband or committed some other breach of her duty to him constituting ground for divorce.

There is much in the authorities as well as in reason in support of this view. Blackstone, writing with reference to the common law, said: "No alimony will be assigned in case of a divorce for adultery on her part, for as that amounts to a forfeiture of her dower after his death it is also a sufficient reason why she should not partake of his estate when living." 3 Blackstone's Com., 94. "So long as he has committed no breach of marital duty he is under no obligation to provide her a separate maintenance; for she cannot claim it on the ground of her own misconduct. Such is the result of the principles of the unwritten law. And such is justice." 2 Bishop, Marriage and Divorce (6th ed.), Sec. 377. "In the absence of statute the

rule is inexorable that no alimony can be allowed where a divorce is granted for the fault of the wife." *Glynn* v. *Glynn*, 8 N. D. 233. "Generally speaking, alimony is not allowed unless the decree of divorce is in the wife's favor. In many jurisdictions, however, the general rule has been modified by statute expressly or impliedly providing that permanent alimony may be awarded in favor of the wife although a decree has been rendered against her." 14 Cyc. 767. "As the right to permanent alimony, so far as it depends on general law, is founded upon the duty of the husband to support the wife, it therefore legally, as well as logically, follows, that when this duty ceases the right also ceases. Hence it is generally held, in the absence of statutory provisions controlling the question, when the husband obtains a divorce on account of the misconduct of the wife, the latter will not be entitled to alimony. * * * Looking at the question on principle, the rule is certainly in harmony with other general rules governing the marital relation, as, for instance, the common law duty of the husband to support the wife is not absolute. He is bound to support her at their common home, and not under another's roof, unless his own improper conduct has forced her to seek shelter elsewhere. Hence if she abandons her home without cause, the right to support from her husband at once ceases. If, then, while the marital relation still exists, the husband is under no obligations to support the wife when she is without cause living apart from him, and particularly when living in criminal relations with another, *a fortiori* he will not be liable for her support after he has obtained a divorce from her on account of her desertion and adultery." *Spitler* v. *Spitler*, 108 Ill. 120, 124. See also 1 Bishop, Marriage and Divorce 573; *Palmer* v. *Palmer*, 1 Paige 276; *Waring* v. *Waring*, 100 N. Y. 570; *Everett* v. *Everett*, 52 Cal. 383, and *Allen* v. *Allen*, 43 Conn. 419.

Cases from Kentucky are cited by the respondents as authority for the position that under a statute similar to ours an order of alimony may be validly made upon a divorce for default of

the wife.    These cases are perhaps distinguishable on the ground of dissimilarity in the provisions of the statutes, but if they are not we decline to follow them.

The legislature did not confer on the divorce court authority to make the order under consideration.    It is equally clear that the consent of the parties was ineffectual to give the court the requisite power.    "It is an elementary principle that consent of parties cannot give a judge or court jurisdiction of the subject matter of a controversy."    *Holloway* v. *Brown*, 14 Haw. 170, 175.    See also *Estate of Bishop*, 11 Haw. 33, and *Tong On* v. *Tai Kee*, 11 Haw. 424.    And that which cannot be done directly cannot be accomplished indirectly.    The petitioner is not estopped by his alleged consent to set up the invalidity of the order.

The order for payment being void a commitment for contempt based upon its disobedience would be likewise in excess of the jurisdiction of the court and invalid.    It is as though no order had been made.    *Ex parte Pahia*, 13 Haw. 575, 578.

The only remaining question is whether prohibition lies, the respondents urging that it does not and basing their contention on the ground that another remedy, by appeal, is open to the petitioner.    Our statutes define the writ of prohibition and the circumstances under which it may be issued and made perpetual.    R. L., Sec. 2023, reads:    "This is a mandate which issues in the name of the Territory from the supreme court, or from any justice thereof, or a circuit judge, directed to the judge and the party suing in any inferior court, forbidding them to proceed any further in the cause, on the ground that the cognizance of the said cause does not belong to such court, or that the cause or some collateral matter arising therein is beyond its jurisdiction, or that it is not competent to decide it."    The only allegations required in the petition are those stating the cause and nature of the action brought against the petitioner in the trial court and showing "that the inferior court is not competent to try it or that it has exceeded its jurisdiction

in the trial or hearing of such action" and that the court issuing the writ is authorized to make it perpetual if it "shall be of the opinion that the applicant has made out his case. Under section 688 of the Revised Statutes providing that "the Supreme Court shall have power to issue writs of prohibition to the District Courts when proceeding as courts of admiralty and maritime jurisdiction," the supreme court of the United States declares that "the writ thus provided for  *  *  *  is the common law writ" and, while saying that "whether the granting or refusal of the writ is discretionary or demandable of right has been much debated," holds that the issuance of the writ is discretionary "where there is another legal remedy, by appeal or otherwise, or where the question of the jurisdiction of the court whose action is sought to be prohibited is doubtful, or depends on facts which are not made matter of record, or where a stranger, as he may in England, applies for the writ of prohibition. But where that court has clearly no jurisdiction of the suit or prosecution instituted before it, and the defendant therein has objected to its jurisdiction at the outset, and has no other remedy, he is entitled to a writ of prohibition as a matter of right." *In re Cooper,* 143 U. S. 472, 494, 495. See also *Smith* v. *Whitney,* 116 U. S. 167, and *In re Rice,* 155 U. S. 396, 403. To what extent our statute differs in effect from section 688 of the Revised Statutes we need not say. It at least does not require a refusal of the writ in every instance in which the question of jurisdiction may be finally determined on appeal in the original proceeding in which further action is sought to be prohibited. Assuming, in favor of the respondents, that the doctrine of the supreme court of the United States is applicable in Hawaii, we think that this is a case in which the writ was properly issued and should be made perpetual. Reason supports the issuance of a writ in such a case as this irrespective of whether an adjudication of contempt would be appealable. "An appeal could only be resorted to after judgment. It would not prevent the unjust proceeding prior

Andrews v. Whitney, 21 Haw. 264.

thereto or the expense, vexation and annoyance of a trial, and an appeal would subject the applicant to the necessity of taking all the preliminary steps therefor.  *  *  *  The writ of prohibition is preventive and not remedial in its nature and therefore is the appropriate writ to arrest the unauthorized proceeding prior to judgment as well as after it, always, however, looking to the future and not to the past." *People* v. *Carrington,* 5 Utah 531, 533. "The parties to the action should not be put to the cost and inconvenience of going through the farce of a trial which could do neither party any good." *The People* v. *District Court,* 28 Colo. 161, 165. See also *State* v. *Wilcox,* 24 Minn. 143, 147.

Whether the libellee in the suit for divorce can otherwise than by contempt proceedings recover upon the husband's alleged contract to pay is a question which does not arise in the case at bar.

The writ will be made absolute.

*R. P. Quarles and E. Murphy* for petitioner.

*J. Lightfoot* for respondents.