*William K. M. Chee (Chee and Lee* on the brief) for Albert K. H. Fong et als.

---

## WILLIAM C. POKA *v.* NANI HOLI, ALSO KNOWN AS LEINANI HOLI, INDIVIDUALLY AND AS ADMINISTRATOR DE BONIS NON OF THE ESTATE OF ALICE HOLI, DECEASED.

### No. 4086.

---

ARGUED JANUARY 12, 1959.      DECIDED MARCH 10, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* The appellant administrator above named, through his attorney, Brahan Houston, filed a motion whereby he moved

this court to authorize him "to pay just compensation to his attorney for perfecting his appeal and representing him on appeal because of the necessities of the case, his own and his attorney's necessities and because of the jeopardy of his appeal for lack of funds with which to pay his said attorney."

On behalf of the appellee, the motion was resisted by his attorney for the reasons: (1) "that this Court is without jurisdiction to entertain the motion"; and (2) "that this Court is without authority to allow it."

The jurisdiction of this court is limited, by Section 214-4 of the Revised Laws of Hawaii 1955, to matters of appeal properly brought before it and matters of original jurisdiction therein enumerated. The motion is neither before this court on proper appeal nor does it involve a matter over which this court may exercise original jurisdiction.

It appears that a like motion was presented to and denied by the circuit judge in the exercise of jurisdiction in Probate and the circuit judge refused to allow an appeal from the interlocutory order denying the motion. Section 208-3, Revised Laws of Hawaii 1955 clearly provides that the refusal of the circuit judge to allow an appeal from an interlocutory order is not reviewable by any other court. See also *Tax Assessor* v. *Makee Sugar Company,* 18 Haw. 267, 268 (1907).

If the aforementioned order of the circuit judge in Probate were deemed final, not interlocutory, the matter would nevertheless not be before this court by appeal, for there has not been compliance with Rule 73(a) of the Hawaii Rules of Civil Procedure.

This court has long ago decided that neither this supreme court, nor a justice thereof, has original jurisdiction in probate and equity. *In re Estate of Bernice Pauahi Bishop,* 11 Haw. 33 (1897).

There is not any estate or fund over which this supreme court has jurisdiction and from which it could direct payment of the attorney's fees sought by the motion. How then can the motion be allowed or granted?

Motion denied.

*Brahan Houston* for defendant-appellant, for the motion.

*Spark M. Matsunaga* (*Matsunaga & Oki*) for plaintiff-appellee, contra.