WILLIAM C. POKA *v.* NANI HOLI, ALSO KNOWN AS LEINANI HOLI, INDIVIDUALLY· AND AS ADMINISTRATOR DE BONIS NON OF THE ESTATE OF ALICE HOLI, DECEASED.

No. 4086.

DECEMBER 22, 1960.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, AND LEWIS, JJ., AND CIRCUIT JUDGE TASHIRO IN PLACE OF MARUMOTO, J., RESIGNED.

*Per Curiam.* The petition for rehearing filed by plaintiff-appellee has been carefully considered. However, we find therein nothing calling for further argument or for reconsideration of the opinion filed on August 17, 1960.

Petitioner contends that this is one of "a very specialized class of cases," referred to by petitioner as "gifts with strings attached," or *"gifts cum onere,"*·and contends further that this court erred in applying to such a case (1) the rule that clear, definite and unequivocal evidence is required to warrant specific performance of a parol contract to convey land, and (2) the rule that equitable relief will be refused when, during inexcusable delay, the evidence has become obscured and, under the circumstances of the case, it is too late to ascertain the merits of the controversy, particularly when some or all of the parties to the contract have died.

We recognized in our opinion that the case is one of a verbal gift, and considered it as such. The rules to which petitioner takes exception apply to such gifts, including gifts *cum onere,* as illustrated by *Frame* v. *Frame,* 32 W. Va. 463, 9 S.E. 901.

We have considered all of the cases of gifts *cum onere* cited by petitioner and in 1 Corbin, *Contracts,* § 205, note

58, upon which petitioner relies. In *Burgess* v. *Burgess,* 306 Ill. 19, 21, 137 N.E. 403, 404, cited by petitioner, it is stated that: "The contract must be established by proof which is clear, definite, and unequivocal * * *," and in *Ozias* v. *Scarcliff,* 200 Iowa 1078, 1084, 205 N.W. 986, 989, another case cited by petitioner, it is stated that:

"* * * the court must be able to say that the evidence is sufficient, not simply to make out a prima facie case, but that it is sufficient in the light of all the circumstances to carry conviction to the mind of the court of its essential credibility." In those cases the factual situation carried conviction to the mind of the court but in this case does not. In making this evaluation of the facts we are not violating the province of the trial court with respect to findings of fact. As stated in *E. F. Drew & Co.* v. *Reinhard,* 170 F. 2d 679, 684, after giving to "those parts of the evidence which cannot come before us * * * every possible probative force they might have" nevertheless "what does come before us rationally forbids the conclusions" reached by the trial court.

The petition sheds no new light on the defense of laches.

Petition for rehearing denied.

*Spark M. Matsunaga* and *E. E. Wiles* for the petition.