# IN THE MATTER OF THE ESTATE OF ALICE HOLI, DECEASED.

## No. 4557.

NOVEMBER 15, 1966.

RICHARDSON, C.J., CASSIDY, WIRTZ, LEWIS AND MIZUHA, JJ.

OPINION OF THE COURT BY LEWIS, J.

The widower of decedent, in his official capacity as administrator *de bonis non* of her estate, and William Poka, who claims to be an heir of decedent, have appealed from an order of the probate judge that the administrator pay Brahan Houston, as former attorney for the administrator, the sum of $12,384.60 out of "estate assets." This sum was found to be the balance owing for legal services to the estate, after taking into account the sum of $7822.45 theretofore paid or advanced, making a total of $20,207.05 allowed for legal services of Mr. Houston to the estate.

R.L.H. 1955, § 219-18, provides for fees for attorneys for executors and administrators according to a schedule set out in § 219-17, based on "the appraised value of the estate as of the death of the decedent;" and for "such further amounts as the court may deem just and reasonable for extraordinary services."

The estate left by decedent consisted almost entirely of the real property involved in *Poka* v. *Holi,* 44 Haw. 464, 357 P.2d 100. That real property has been sold by the administrator *de bonis non* to pay administration expenses and taxes, the price realized being $43,522.50, less expenses of the sale.

As this court pointed out in *Poka* v. *Holi, supra,* 44 Haw. at 474-75, 357 P.2d at 107, the suit for specific performance there involved was brought against Nani Holi, the widower, both individually and in his capacity as administrator *de bonis non.* Since there was no claim of there having been a contract in writing, the administrator *de bonis non* was not sued under R.L.H. 1955, chapter 321, and was without power to act as the sole representative of the legal title. *Poka* v. *Holi, supra; Mossman* v. *Hawaiian Trust Co.,* 45 Haw. 1, 13, 361 P.2d 374, 378. The principal defendant in *Poka* v. *Holi* was Nani Holi individually, as heir of one half of the estate, the decedent having left no children. In his official capacity as administrator *de bonis non* the defendant had only a minor interest. As stated in our opinion: "Joinder of the administrator *de bonis non* in his official capacity brings before the court only the right of possession and power of sale held by a personal representative under R.L.H. 1955, chapter 317." (44 Haw. 475, 357 P.2d 107.)

The administrator's right of possession meant that he was authorized to collect the rents until termination of his control. R.L.H. 1955, § 317-14. The probate judge estimated the rents at about $7000, nearly half of which

sum was uncollected. As to the power of sale, provided for by R.L.H. 1955, § 317-27, as amended (Supp. 1965), it is evident that the primary reason for the sale was the administration expense entailed by the services rendered by Mr. Houston, which were wrongly assumed to have been rendered chiefly to the estate. In summary, Nani Holi in his official capacity as administrator had at stake in the litigation involved in *Poka* v. *Holi, supra,* around $7000, possibly less, while Nani Holi in his individual capacity had at stake half the real property as heir of the decedent.

Mr. Houston was discharged by the administrator *de bonis non* on July 29, 1964. Appellants question the power of the probate judge to allow Mr. Houston a further fee on his petition of November 2, 1964, on the ground that it was filed after his discharge. It was this petition which resulted in the order appealed from. But appellants have not supported their contention by argument, and we find it unnecessary to reach the point.

Prior to his discharge Mr. Houston received the following sums for services:

On August 23, 1956, he received $700 pursuant to a court order of August 3, 1956, allowing this sum as "a reasonable fee for special services," on a motion supported by an affidavit of Mr. Houston, showing that this fee was for services in securing the removal of Mr. Poka, who had been administrator, and in collecting from him the sum of $3420.12.

On September 1, 1956, he received $73.95 as his statutory fee. (This low amount evidently was due to the small value the property was deemed to have as of the death of the decedent on January 28, 1937.)

On February 1, 1957, he received $500 pursuant to the court's order of January 29, 1957, as a partial fee on account of services rendered and to be rendered in the litigation involved in *Poka* v. *Holi, supra.* An appeal from the

order allowing this fee was dismissed. *Estate of Holi,* 42 Haw. 74.

There intervened a period in which no fee was allowed. See *Poka* v. *Holi,* 43 Haw. 171, *rehearing denied,* 43 Haw. 208. However, on February 16, 1961 Mr. Houston received $750 "on account" for services in the aforesaid litigation, and on November 8, 1961, another $750 "on account" for such services. (In an affidavit filed November 16, 1962, in support of a motion for a further fee, Mr. Houston stated that he had received only the $750 paid February 16, 1961. He overlooked the $750 paid November 8, 1961.)

On November 16, 1962, he received $500 for legal services in connection with the sale of the real property. On November 16, 1962, Mr. Houston further received a $5000 fee allowed by the court "for legal services rendered as described in said affidavit," referring to an affidavit of Mr. Houston attached to the motion for attorney's fees. This affidavit asked for $5835 for various services, including the sum of $5000 for services in the Supreme Court in *Poka* v. *Holi, supra,* 44 Haw. 464, 357 P.2d 100. (As above noted, the affidavit mistakenly stated that only $750 had so far been received.)

However, according to the findings of the trial judge a $500 deposit made in the estate account, likewise on November 16, 1962, represented money returned to the estate account by Mr. Houston. Taking into consideration a $48.50 estate check cashed by Mr. Houston, the net sum returned was $451.50.

It thus appears that for special services to the estate Mr. Houston, prior to his discharge, had received from the estate the sum of $8200, of which $451.50 had been returned to the estate according to the findings of the probate judge, making the sum received for special services $7748.50 prior to Mr. Houston's discharge. In addition, Mr. Houston received $73.95 as the statutory fee, making the total of

$7822.45 found by the probate judge to have been already paid or advanced. About $6000 or $6500 of this[1] was for services in the *Poka* v. *Holi* litigation, up to the time of remand by this court following denial of rehearing (44 Haw. 582, 358 P.2d 53).

After the remand, further proceedings ensued pursuant to this court's holding declining to order dismissal of the case "because dismissal would foreclose other relief, if any be available under the general prayer of the complaint * * *." (44 Haw. at 482, 357 P.2d at 110.) It was on account of his services in these further proceedings that Mr. Houston petitioned for an additional attorney's fee by a motion filed July 27, 1964. This motion was not heard, apparently by reason of the attorney's discharge. After his discharge Mr. Houston, on November 2, 1964, filed a paper entitled "Petition to Adjust the Administrator's Attorney's Fee Upon Said Attorney's Dismissal." This resulted in the order appealed from.

It is contended that by the series of orders to and including November 16, 1962, the court intended to fully compensate Mr. Houston for his services to that date, and that Mr. Houston so understood the matter up to the time of his discharge. However, these payments have been characterized by the probate judge as "advances," it being his view that fees should not have been granted until the final adjudication of the litigation involved in *Poka* v. *Holi, supra,* 44 Haw. 464, 357 P.2d 100. That did not occur until after November 16, 1962, because of the proceedings after the remand. We find it unnecessary to pass on the binding effect of these allowances. Were we to do so, we would have to consider not only the point made by the probate judge but also the manner in which the several

---

[1] The exact figure cannot be determined, as there is a question as to which services were disallowed when $5000 was allowed on November 16, 1962, instead of the $5835 sought, also as to what the $451.50 returned to the estate represented.

applications were handled. At all events, and irrespective of the value of the services after the remand, of which we are not fully cognizant,[2] it is manifest that in view of the minor interest which the administrator had in this litigation in his official capacity, the principal defendant being Nani Holi individually, the amount heretofore received by Mr. Houston is in excess of the sum allowable by the probate court under § 219-18. How much should have been allowed we do not decide, other than to state that in a situation of this kind an attorney cannot be compensated twice for the same services, though the burden of compensating him can be divided between the estate and the heir. Obviously the order appealed from, which calls for a still further payment by the administrator in the amount of $12,384.60, cannot be sustained.

It should be noted that in addition to the amounts above listed Mr. Houston received from Nani Holi personally the sum of $2500, being half the sum distributed to Nani Holi as a partial distribution pursuant to an order of November 21, 1962. This cannot have been paid on account of Mr. Houston's services in securing the removal of Mr. Poka as administrator, since the $700 fee paid by the estate on August 3, 1956 included those services, and properly so. *Cf., Estate of Campbell,* 46 Haw. 475, 520, 382 P.2d 920, 952.

It also should be noted that on May 1, 1958, Mr. Houston received from Nani Holi a conveyance of ⅜ of his interest in the real estate of the decedent plus ¼ of his interest in the rents therefrom. On May 12, 1958, Mr. Houston made an assignment to one Sadie J. Fey, as security for existing indebtedness and future advances. There is testimony that the sum owing Sadie Fey has been re-

---

[2] Mr. Houston testified concerning the work involved in the proceedings after the remand. However, we do not have before us the file showing these proceedings. The probate judge took judicial notice of it, but it was not filed with this court as part of the record on appeal.

paid, but no release of the assignment has been produced. It does not appear that the right and interest conveyed on May 1, 1958 have been reconveyed.

Whether or not Nani Holi individually is liable to Mr. Houston for legal services, and if so, whether there should be a credit against the sum due from Nani Holi individually on account of overpayment of legal fees by the estate, are matters not before us.

Reversed and remanded for entry of an order denying the "Petition to Adjust the Administrator's Attorney's Fee Upon Said Attorney's Dismissal," filed November 2, 1964. This order shall be without prejudice to the downward adjustment of the fees ordered paid by the administrator *de bonis non* in his official capacity should it be determined, and to the extent it shall be determined, that the several orders relating thereto do not have binding effect.

*Robert M. Botts,* attorney for Nani Holi, administrator *de bonis non,* appellant.

*Samuel Landau,* attorney for William Poka, appellant.

*Murray Estes* and *Robert G. Hogan* (*Hogan, Howell & Rother* of counsel), for Brahan Houston, appellee.