## Joseph Frost & Co. v. Jonathan Willis.

The husband is liable for necessaries furnished the wife, on his credit, while they live apart, as well as when they cohabit, especially if they live apart by his consent.

His assent to the credit will be presumed, unless the contrary appears.

This was an action of book account, wherein a judgment to account was rendered in the county court, and an auditor appointed, who afterwards reported, in substance, that on the hearing before him, it was proved that, in January, 1838, the defendant, who resided in Westford, in the county of Chittenden, having sold his farm there, contemplated removing thence, and that his wife came to Bridport, with his consent, to visit her friends, who resided there, and brought her two children with her, with the understanding between the defendant and his wife that the defendant was to send for her when he wished her to return. She came to Bridport without any means of supporting herself, and, after having spent some time in visiting her friends, about the 11th of February, 1838, took a room and kept house with her children. In the latter part of the same month of February, 1838, she visited her husband at Westford, and stayed two or three days there, and then returned to Bridport. At the time of leaving her husband to return to Bridport, he told her to procure a room, and supplied her with some articles of provision of small amount to keep house with, and also put into her possession a note for fifty dollars, signed by himself, and payable to a third person, with directions to use it in procuring necessaries for herself and children, if it became absolutely necessary, and, if she could not use the note, to make him liable until June. At that time, it seemed to be understood by the de-

ADDISON.
*January,*
1841.

Frost & Co.
*v.*
Willis,

fendant and his wife that she should remain at Bridport until he procured a place to reside. The plaintiff's account was for necessaries furnished the wife of the defendant, suited to her wants and condition, while living at Bridport separate from her husband. About half of the account accrued previous to her visit to her husband, and the balance soon after her return to Bridport. The amount of the account was $34,29, and the auditor computed the interest at $2,05.

In the month of February, 1838, the plaintiffs sent an agent to Westford, to see the defendant relating to the account, and the defendant promised to pay or settle it; but it appeared that, at the time of making such promise, he labored under a misapprehension of the amount claimed.

The wife offered the note delivered to her by her husband to the plaintiffs, but they declined taking it. After the account had accrued, the defendant gave the plaintiff notice not to trust his wife, and, after this suit was commenced, sent an agent to Frost to ascertain the amount of plaintiff's account. Frost replied that Willis, or the agent, could see the account at court, and refused to show the account to the agent. Frost was inquired of why he trusted the wife of defendant; and he replied that it was his privilege to do so, and he would sue the defendant once a week.

In a conversation with a Mr. Rogers, the latter advised Frost not to trust the defendant's wife, and Frost replied that it was best to trust her some thirty or forty dollars, and get the defendant at Bridport, and her friends would give bonds to him to save him harmless from debts of her contracting. At this time the plaintiffs' account amounted to some seventeen dollars. It did not appear that the defendant had any knowledge of the plaintiffs' account until after it had accrued.

From these facts, the auditor allowed the plaintiffs' account at the sum above stated, viz, $34,29, and interest thereon. The defendant filed objections to the acceptance of the report, but the county court overruled the objections, accepted the report, and rendered a judgment for the plaintiffs to recover against the defendant the amount found due them by the auditor.

The defendant excepted to the decision of the county court.

*C. Linsley* argued for the defendant, and insisted that, from the facts set forth in the report, it was evident that the defendant's wife, at the time of contracting the debt, sought to be recovered in this action, was not the defendant's agent, and that the defendant could not be made responsible, and cited 11 Johns. 283. 2 Stark. Ev. 691. Reeve's Dom. Rel. 79. He further contended that the conduct of the plaintiff, Frost, showed fraud and collusion with the defendant's wife, in trusting her; that he gave the credit, not because she was the defendant's agent, but for the purpose of bringing the defendant to Bridport and coercing him to a settlement with his wife, and therefore the defendant was not liable.

*E. D. Barber* argued for plaintiffs, and cited 2 Stark. Ev. 94, 695–6, 700. 1 H. Bl. 90.

The opinion of the court was delivered by

BENNETT, J.—It seems that, in January, 1839, the defendant sold out his place at Westford, and was about to leave the town, and under these circumstances, his wife, by his consent, left and came to Bridport, with her two children; and while she and her children remained at that place, the plaintiffs furnished her with goods, on the credit of her husband, to the amount of thirty-four dollars, and the auditor has found the fact that they were necessary for her comfort, and that of her children.

The husband, it is well settled, is liable for necessaries furnished, on his credit, to the wife, while they live apart, as well as when they cohabit, and, especially, in a case where they live apart by his consent. His assent in such cases will be presumed, unless the contrary appears. Chancy on Hus. and Wife, 28. But this case furnishes evidence that the husband intended to furnish his wife and children a support, as he was bound to do by law. He advised her to take a room at Bridport, and furnished her with some trifling things. He also placed in her hands his note for fifty dollars, to be used by her if she found it indispensably necessary. The defendant, also, subsequently, promised to pay the account, though not then advised of the amount. This is evidence of the assent of the husband, and there can be no doubt that, upon the facts reported by the auditor, the plaintiff should recover. The judgment of the county court is affirmed.