## SUPREME COURT—IN BANCO.

### JULY TERM—1875.

*Allen, Ch. J., Harris and Judd, J. J.*

### NANIE ET AL. *vs.* NAMEA ET AL.

This opinion was rendered by Mr. Justice JUDD at the April term, 1875, and afterwards affirmed and adopted by the full Court. It is published as originally rendered.

WHERE the title to the land claimed can be implied from the averments in the declaration, it is aided by the verdict and the judgment will not be arrested.

Plaintiffs' declaration states that they complain of defendants, that they have unjustly and contrary to law and the rights of the plaintiffs entered upon and taken into their possession and converted to their use and occupation a certain parcel of land situated at Waianae, Oahu, the land described in Royal Patent No. 396 (metes and bounds given) granted to Hoewaa, to the damage of the plaintiffs in the sum of $500.

That Hoewaa conveyed the land to Imilei by deed dated 21st August, 1868, and recorded, and that the said land is now devised by Imilei by will, duly admitted to probate, one half to Kamahalo, and one half to Nanie. There is a statement that Kamahalo has died and who her heirs at law are. It prays for restitution of property and damages. Verdict was returned for the plaintiffs with $125 damages.

A motion is made by defendants in arrest of judgment, on the ground that the plaintiffs' declaration does not allege the parcel of land in question to be the property of the plaintiffs

Nanie et al. *v.* Namea et al.

or that they had at the time of the commencement of this action any estate, interest or title in or to such land.

Defendants' counsel contend that in an action to recover specific real property, the petition for process should state the kind of title claimed by plaintiffs, and that, though a verdict cures the statement of a title defectively set forth, it will not cure a total defect of title.

Plaintiffs' counsel aver that the title is sufficiently stated in the declaration.

BY THE COURT:

The leading authority on this question is Rushton *vs.* Aspinwall, 1 Smith's Leading Cases, 334.

This case was an action against an indorser of a bill of exchange : the declaration did not allege a demand and refusal by the acceptor on the day when the note was payable.

Lord Mansfield held that this defect was not cured by verdict. He says : "The answer was, that after verdict, it must be presumed that those facts were proved at the trial—and our wishes strongly inclined us to support the judgment if we could; but in looking into the cases, we find the rule to be, that where the plaintiff has stated his title or ground of action, defectively or inaccurately, because to entitle him to recover all circumstances necessary in form or substance to complete the title so imperfectly stated, must be proved at the trial, it is a fair presumption after a verdict, that they were proved; but where the plaintiff totally omits to state his title or cause of action, it need not be proved at the trial, and therefore there is no room for presumption."

The statute form for petitions like the one at bar prescribes that the kind of title to the land claimed by plaintiff be stated, and I regard an averment of title in such an action to be necessary.

In the complaint before us there is no distinct allegation that the property in question is claimed by the plaintiffs, or

that the plaintiffs have any title or interest therein, and this was good cause for special demurrer. If, however, the title can be implied from the allegations made, the verdict cures the omission.

"The rule of law," says Tilghman, C. J., "is, that where the declaration contains a substantial cause of action, it shall be aided by verdict." Miles *vs.* Oldfield, 4 Yeates, 423; Schlosser *vs.* Brown, 17 S. & R., 250.

"These defects or omissions in pleadings which are cured by the verdict are those necessary circumstances which are implied by law, and which invariably follow from the substantial fact charged." Bartlett *vs.* Crozier, 17 Johns., 439. Kent, Chancellor.

In the declaration in this case we have an allegation of a grant by royal patent from the king to Hoewaa : the legal presumption of law from this is, that unless the contrary be shown, it was an estate in fee simple that was so granted.

Next we have an allegation of a conveyance of the said land by deed of the said Hoewaa to Imilei; the legal presumption here is that it was conveyed in fee.

Then follows an averment that the land was devised by will of Imilei, one half to Kamahalo and one half to Nanie ; and the law presumes that they are tenants in common in fee. So of the allegation that Kailianu and Kahili are heirs at law of said Kamahalo, dying intestate ; the law presumes their title to be the same as that of their ancestor Kamahalo.

As it therefore can be implied from the declaration, that the title of the plaintiffs is that of an estate in fee, I am of the opinion that the verdict aids the declaration. Motion in arrest overruled.

A. S. Hartwell for plaintiffs.

E: Preston and Mahelona for defendants.

Honolulu, April 16th, 1875.