## *LUKA (k.) *vs.* POOHINA (k.)

### EXCEPTIONS TO RULINGS OF JUDD, J.

### OCTOBER TERM, 1876.

### HARRIS and JUDD, JJ.

In an action to recover value of necessaries supplied to defendant's wife, while she was separated from him on account of his adultery, the Court charged the jury: "that if they found that the defendant's wife separated from him on account of his adultery, the fact of her living in adultery subsequently would be no defense to the action."

Held, that if the adultery of the wife should be notorious, this Court would hereafter instruct the jury that the husband would be free from his liability, bnt there being no evidence to show notoriety of the wife's adultery, or knowledge of that fact by the plaintiff, the instruction given was proper.

Exceptions overruled.

### OPINION OF THE COURT, BY HARRIS, J.

THIS action was brought to recover the value of necessaries alleged to have been furnished to defendant's wife whilst she was living apart from the defendant, her husband. It was made to appear at the trial, that the defendant's wife had separated from him on account of his adultery, he taking his paramour into his own house; and the defendant's counsel claimed to have put before the jury some evidence tending to show that after the separation, the wife had likewise committed adultery, and asked the Court to instruct the jury:

"That if they found that defendant's wife was justified in separating from her husband, but that she had since committed adultery, they will find for the defendant:" which instruction was refused, but the Court did instruct the jury, "that if they found that the defendant's wife separated from him on account of

*Not hitherto reported: see 3 Hawn., 728.

his adultery, the fact of her living in adultery subsequently would be no defense to the action."

If a man, without any justifiable cause, turn his wife out of doors, he is liable for any contracts which she may make for necessaries suitable to her degree and condition. So likewise, if by his own misconduct, he makes it impossible or improper that she should continue to dwell with him. And the question is when he will be discharged of that liability by reason of the wife's misconduct after the separation. Each case must depend upon its own particular circumstances: as the husband will continue liable for necessaries supplied to the wife, until the fact that she has withdrawn herself from his protection has become notorious. Bright on Husband and Wife, Vol. 2. § 11. So when it is notorious that she has rightly withdrawn, he would continue to be liable to third parties, until it has become notorious, or at least can be brought home to the person furnishing her with necessaries that she is no longer entitled to support and protection from her husband.

The adulterous conduct of the wife with the connivance of the husband, or at least without such a separation as would make her misconduct notorious, would not, *per se*, operate as a defense, and protect the husband from liability. Schouler on Domestic Relations, page 92.

*Norton vs. Fazan*, 1 Bos. and Puller, 226. This case is not fully in point.

But as a matter of reason it would follow that it is not every suspicion of adultery that a husband might raise in a trial for necessaries furnished his wife that would free him from responsibility. It might be different if she was living openly with a paramour, or her evil life could be brought home to the plaintiff—though even that position would seem to be denied in the case of *Needham vs. Bremner*, 1 Law Rep., C. P. Cases, 583—in which case it was held that though the wife had been found guilty of adultery in a Divorce Court, and the husband had likewise been found guilty, so that no divorce was decreed, the husband was held liable for the wife's maintenance. Thus it is evident that the instruction prayed for must necessarily have been refused ; and the case of *Needham vs. Bremner*, above cited, fully sustains the instruction given in lieu of the instruction

asked. If the adulterous intercourse of the wife should be notorious and known to the tradesmen, this Court would hereafter instruct the jury that the husband would be free from his liability. But it would be necessary to show not only the adultery, but the knowledge of the plaintiff, or the notoriety of the wrongful living, so that the committing of adultery would not be the only thing to be proved, but the knowledge of the plaintiff, or the notoriety, would be the gist of the proof which would be required to discharge the husband from his liability.

In this case there is no allegation that there was any proof offered to show what it is above intimated would be necessary, and if no testimony was offered of that kind, it is to be presumed that none can be offered. In fine, it is not the act of adultery of the wife that will free the husband from his responsibility, but the living in adultery and the notoriety of the life or of the acts.

The exceptions are overruled.

*S. B. Dole* for plaintiff.

*E. Preston* and *L. McCully* for defendant.

Honolulu, November 3d, 1876.

---

## IN MEMORIAM.

---

### HON. BENJAMIN HALE AUSTIN,

SECOND ASSOCIATE JUSTICE OF THE SUPREME COURT.

DIED, AT HONOLULU, JULY 5, 1885.

At the opening of the Supreme Court on Tuesday, July 7, 1885, Chief Justice Judd and Associate Justice McCully being on the bench, the following proceedings were had :

After the formal opening of the Court by the Marshal, His Excellency PAUL NEUMANN, Attorney-General, arose and addressed the Court as follows :

YOUR HONORS: The mournful task has been committed to me by the members of the bar to move the acceptance and entry on