E. KEKOA *vs.* W. C. BORDEN *et al.*

APPEAL FROM POLICE COURT, HILO.

JULY TERM, 1883.

JUDD, C. J., and AUSTIN, J. McCULLY, J., absent.

An attorney cannot recover of the husband a fee for his legal services in defending the wife in a criminal suit brought at the instance of the husband against the wife for desertion. Such legal services are not necessaries, nor do they come under the head of alimony. Judgment of lower Court affirmed.

OPINION OF THE COURT BY AUSTIN, J.

THE plaintiff seeks to recover directly of Mr. Borden ten dollars for services rendered Mrs. Borden, on her retainer, in two criminal actions against her for desertion of her husband.

It is claimed that such services were necessaries furnished to her, and for that reason Mr. Borden is liable.

In suits for necessaries recoveries are allowed upon the ground that the wife is the agent of the husband to contract for them. In no enumeration of necessaries, which we have seen, are such legal expenses included.

See Sec. 554 and note, Bishop on Marriage and Divorce, vol 1.

If in such a case as this the services sued for are described anywhere, it is under the head of alimony. See 2 Bishop on Marriage and Divorce, Sec. 387.

In all suits for necessaries it must appear that those claimed for are suitable, and the good conduct of the wife must also appear.

Where the husband and wife are living apart, the burthen is on the plaintiff to show that the husband has refused his wife proper support at home, or he cannot recover.

"If a wife abandons her husband without justifiable cause or commits adultery for which he turns her away, or voluntarily lives apart from him in adultery, or otherwise dwells separate from him without his consent or fault, the law casts on him no duty even to supply her with necessaries."

See Sec. 573, vol 1, Bishop on Marriage and Divorce.

This is the law almost universally.

Cases from Indiana and New Hampshire are cited by plaintiff's counsel, where recoveries by attorneys were had directly against the husband for legal services to the wife. Only the case from the New Hampshire reports is accessible to us, and we have examined it. See *Morris vs. Palmer*, 39 N. H. 123.

It was a case where it was shown that it was necessary for the safety of a wife to enter a complaint against her husband for a breach of the peace, and it was held that her attorney might recover the legal costs of the proceedings entered against her husband on that complaint by statute, which were left unpaid by him, and for which she as complainant would be liable.

This is a special case, and the court allows costs to the attorney which were entered against the husband by statute. The court exercises a discretion as to what should be allowed, and it is in a case directly brought for the protection of wives' personal safety and where the husband was found guilty. The same case declares that in actions for divorce under the New Hampshire statutes no such recovery could be had.

In the case at bar, the very actions brought against the wife were for her desertion, and at that time she must have been living separate from her husband. To recover in this case, if there could be a recovery, the plaintiff was obliged to show that she was properly separate from her husband owing to his misconduct, and in that case, under our law she would be entitled to sue for a divorce or separation, in which action the court in its discretion might allow alimony for legal expenses and support.

The plaintiff failed to show any proper separation or any misconduct of the husband, and cannot recover. Had this been shown, we think there could have been no recovery under our law, and that there ought not to be, except under some special statute allowing it.

To allow a suit on a *quantum meruit* in such a case, would be a dangerous rule, leading to much petty litigation.

Application for allowance of legal fees and the amount of them ought to be addressed to the discretion of the court in an action for divorce or separation. To allow a court not of record to exercise such a discretion, would be unprecedented and unsafe.

In Massachusetts it was held, in *Shannon vs. Shannon,* 2 Gray, 285, that no allowance of alimony for expenses could be made without a special statute, and a statute was thereafter passed authorizing the court to make an order for such expenses.

In New York, in actions between husband and wife for divorce or separation, allowance for attorneys' expenses to the wife are made in the discretion of the court as to amount, and in many cases where actual or probable misconduct of the wife appears, are entirely denied. In no case in that State can a recovery be had, as asked here, by the attorney, against the husband.

See Barb. Ch. Pr. pp. 265 to 268, and notes.

And we are of opinion that no such action can be maintained in this country.

The judgment of the lower court is affirmed, with costs.

*Smith & Thurston,* for plaintiff.

*W. R. Castle,* for defendant.

Honolulu, Sept. 7, 1883.