### LEE AH SUE *vs.* CHU. KEE· *et al.*

#### GARNISHMENT.   BEFORE JUDD, C.J.

#### JULY, 1886.

Our garnishee law does not authorize the attachment of property in the hands of a third party in aid of a judgment: but only "debts" due by the garnishee to the principal defendant.

#### DECISION OF JUDD, C.J.

This is a statutory proceeding for process of garnishment in aid of an unsatisfied judgment. A judgment by plaintiff against defendants was obtained in the District Court of Ewa, on the 27th November, 1885, and transcript thereof docketed in the Supreme Court, and execution issued thereon for $172.10 on the 30th November, 1885.

It is in evidence that Chu Kee, one of the defendants, had died about December, 1884, but his business as a watchmaker had been continued by his sons at a shop belonging to one Ahi, on Nuuanu street, Honolulu. In November, Ahi, through Ashford & Ashford, his attorneys, distrained the goods in the shop for rent. The goods were all removed to the auction rooms of E. P. Adams & Co., and sold, realizing over $300. The amount of rent and expenses of distress, some $90, was paid to Ashford & Ashford, for Ahi, and they claimed the custody of the balance of the money of Mr. Adams. Mr. Adams, however paid it over to Mr. W. R. Castle, who had on the 18th of November, 1885, received an assignment of the property of Ahung, doing business under the firm name of Chu Kee & Co., for the benefit of his creditors. Mr. Castle says he had claims

from San Francisco against Chu Kee, amounting to about $1800, and on learning that the goods had been taken from the shop on Nuuanu street, claimed the proceeds of the auctioneer and obtained them.

Without here going into the question raised by the garnishee whether the judgment on which these proceedings are founded is void as having been obtained against a defendant who was then dead, and consequently no service of process was had, I am of opinion that the garnishee is not liable for the reason that the fund he holds is not a "debt owing to the judgment debtor." The statute, Secs. 5 to 9 of the Act of 1876, relating to the garnishee process, does not authorize the attachment of money or goods in the hands of a third party in aid of a judgment, but only "debts" owing. The money in Mr. Castle's hands is not in any sense a debt owing by him to Chu Kee (of the firm of Yee Sing Wai Company) or owing to Chu Kee in any capacity. This money is the proceeds of the merchandise of the watchmaker's business, either of Chu Kee, deceased, or of Ahung, who claims to have succeeded to the business of Chu Kee, whether regularly or irregularly I cannot say.

In either event I do not consider the garnishee liable, and order his discharge.

*Ashford & Ashford,* for plaintiffs.

*H. E. Avery,* for garnishee.

Honolulu, July 7th, 1886.