## G. W. FORRESTER v. A. M. HURTT.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JANUARY 14, 1907.    DECIDED JANUARY 21, 1907.

FREAR, C.J., HARTWELL AND WILDER, JJ.

HUSBAND AND WIFE—*liability for necessaries.*

In an action against a husband for necessaries furnished to his wife on his credit while she is living separate and apart from him the burden is on plaintiff to show that the wife is justified in living apart from her husband. When the separation is with his consent it is not sufficient for him to show, in order to escape liability, that the wife made false accusations against him.

ID.—*evidence.*

In such a case the proceedings in a divorce suit subsequently instituted by the husband against the wife are not admissible in evidence.

DIVORCE.

False accusations by a wife against her husband do not entitle him to a divorce or separation.

OPINION OF THE COURT BY WILDER, J.

This is an action for the reasonable value of medical services furnished by plaintiff to the wife of defendant while she was living separate and apart from her husband. The trial was had before the circuit court, jury waived. The findings of fact by the court are substantially as follows: That plaintiff, a duly licensed physician, practicing in Pomona, California, furnished professional treatment to the wife of defendant on the credit of her husband during the months of August and September, 1903; that in September, 1902, the wife of defendant, with his consent, left Honolulu where she and her husband were then residing

.and went to Pomona, California, where she has since lived sepa-.rate and apart from her husband; that they never thereafter lived .together as husband and wife; that defendant agreed to pay his ·wife a certain sum monthly, of which agreement plaintiff had no .actual knowledge; that defendant did not carry out this agree-.ment; that at the time of the rendition of the services and prior .thereto plaintiff knew that defendant and his wife were living .separate and apart and that marital relations between them .had ceased to exist by reason of the wife's fault; that plaintiff .had notice not to supply the wife with necessaries on the credit ·of defendant; that defendant obtained a decree of divorce from his wife in April, 1905, and that shortly prior thereto he paid .her $500 in full settlement of all claims under the agreement :referred to or otherwise. On those facts the circuit court gave .judgment for defendant. The case comes here on plaintiff's ·exceptions, the only one of which necessary to consider is that .the judgment is contrary to the law and the evidence.

The findings of fact, with·the exception of that which held the wife to be in fault for causing the separation, are sustained by the evidence. The only evidence to sustain that finding is furnished by the testimony of the defendant himself, the proceed-ings in the divorce case not properly having been admitted. See *Sturbridge v. Franklin,* 160 Mass. 151. He testified that his wife left him in September, 1902, with his consent and on account of her conduct in making false accusations against him and also that at that time their relations were not amicable.

A husband is bound to support his wife, and, if he refuses to do so, one who furnishes necessaries to the wife on the credit of the husband may recover from him the reasonable value thereof. But where the husband and wife are living separate and apart, one furnishes necessaries to the wife· at his peril and must show, among other things, in order to recover, that the wife was in need of the necessaries, that the husband failed to supply her. with them, and that she had authority to bind her husband, that is, that she was justified in living apart from her husband. See *Dole v. Gear,* 14 Haw. 556; *Kekoa v. Borden,* 5 Haw. 23; *Luka*

*v. Poohina,* 5 Haw. 695.   In the case at bar plaintiff did not show the requisite facts in order to entitle him to recover, and defendant's motion for a nonsuit at the close of plaintiff's case should have been granted.   Had defendant then rested, no judg-ment could properly have been entered against him, but he went on and supplied facts tending to prove that which plaintiff omitted to show, namely, the failure of the husband to supply his wife with necessaries and the wife's authority to bind her husband arising by reason of a separation by mutual consent.

Defendant claims that he is not liable because the separation was the fault of the wife in making false accusations against him. This alone was not sufficient to entitle him under our statutes to a decree of divorce or separation from his wife, and, when considered in connection with the other evidence in the case, did not warrant a finding that the wife was not justified in living apart from him.   The evidence thus left defendant in the posi-tion of refusing to adequately support his wife himself while she was living apart from him with his consent and of refusing to pay for necessaries furnished her on his credit.   That a hus-band is liable under such circumstances see 2 Kent Com. 146; Schouler Dom. Rel. 68; *Peaks v. Mayhew,* 94 Me. 571; *May-hew v. Thayer,* 8 Gray 172; *Baker v. Barney,* 8 Johns. 72; *Lockwood v. Thomas,* 12 Johns. 248; *Frost v. Willis,* 13 Vt. 202; *Walker v. Laighton,* 31 N. H. 111; *Dixon v. Hurrell,* 8 C. & P. 717.

The exceptions are sustained, the judgment set aside and a new trial ordered.

*H. G. Middleditch* for plaintiff.

*P. L. Weaver* for defendant.