# CASES DECIDED

BY THE

# SUPREME COURT

OF THE

# TERRITORY OF HAWAII.

## A. BORBA *v.* JOSEPH LEAL.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED JANUARY 5, 1914.                    DECIDED JANUARY 9, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

HUSBAND AND WIFE—*agency of wife for husband.*
    The marital relation does not create a wife the agent of her
    husband to state an account on his behalf.
ID.—*necessaries—proof of delivery.*
    In an action against the husband for goods sold and delivered
    to the wife, recovery cannot be had without proof of delivery.

OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $39.50 upon two separate causes of action, each being declared upon in one count only. The first is for $31.75, upon an account alleged to have been stated by the parties on November 1, 1913. The second is for $7.75, for goods alleged to have been sold and delivered by the plaintiff to the defendant between the first and the twentieth days of November, 1913. At the trial before the magistrate the

only evidence adduced consisted of the testimony of one witness, called by the plaintiff. As recorded and certified by the magistrate that testimony was, in its entirety, as follows: "My name is J. F. Meranda. I know A. Borba plaintiff. I am manager of his store. I know defendant and his wife. A few days after the 1st of November last past I delivered a bill to Mrs. Leal at defendant's house. The amount of this bill was $31.75 and was for groceries. Mrs. Leal promised to pay on the 10th; then afterwards on the 20th; the bill has not yet been paid. During the month of November, Mrs. Leal bought other groceries from plaintiff amounting to $7.75 which is not yet paid, so that the full amount of $39.50 is now due and owing from defendant to plaintiff." The plaintiff having rested, defendant moved for a nonsuit on the ground that there was no evidence tending to prove that an account was stated between plaintiff and defendant, or that the goods were delivered to defendant or his wife or that prior to suit demand was made by plaintiff on defendant for the amount claimed. The motion was denied and, defendant offering no evidence, judgment was rendered for the plaintiff for the whole amount claimed, with attorneys' commissions and costs. The present appeal is upon the points of law stated in the motion for nonsuit.

There is no evidence that the defendant personally admitted the correctness of the bill for groceries and his wife's admission was not binding upon him. There is no evidence tending to show that the wife was authorized by the defendant to act in his behalf in agreeing upon a statement of the accounts between him and plaintiff and the marital relation itself did not, as a matter of law, create her his agent for that purpose. 21 Cyc. 1234; 15 A. & E. Ency. Law 856; *Benjamin* v. *Benjamin,* 15 Conn. 347, 354; *Sawyer* v. *Cutting,* 23 Vt. 486, 489; *Baker* v. *Witten,* 30 Pac. 491, 492. Sometimes the circumstances of the case are held to be such as to justify a finding by implication that the wife was appointed by the husband as his agent for

,some particular purpose, but no such circumstances were attempted to. be shown in the case at bar.

As to the second cause of action the evidence is simply that "Mrs. Leal bought other groceries from plaintiff." There was an entire lack of evidence tending to show that the groceries were delivered to the defendant's wife. Evidence of delivery was essential, at least in view of the fact that in no other way was it proven that the groceries were for the use of the defendant's wife or his family. The husband's statutory liability in this respect is confined to "debts contracted by his wife for necessaries *for herself or family* during marriage." R. L., §2257.

Defendant asks in his brief in this court that a reasonable attorney's fee be allowed him under section 5 of Act 84, Laws of 1905 as amended by section 3 of Act 60 of the Laws of 1909. The question whether the statute referred to applies under the circumstances of the case at bar is not presented under any of the points of law upon which the appeal is taken and therefore it is not considered.

The judgment is set aside and the cause remanded with directions to enter a judgment of nonsuit and to dissolve the attachment and for such other proceedings, if any, as may be proper.

*E. Murphy* for plaintiff.

*D. H. Case* and *E. Vincent* for defendant.