F. E. THOMPSON *v.* THOMAS GILL, DEFENDANT, AND JAMES BICKNELL, AUDITOR OF THE CITY AND COUNTY OF HONOLULU, GARNISHEE.

## No. 1026.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED OCTOBER 15, 1917.          DECIDED OCTOBER 18, 1917.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE KEMP IN PLACE OF COKE, J., ABSENT.

GARNISHMENT—*property subject to attachment.*

  A warrant for the salary of a government beneficiary issuable to a judgment creditor under a garnishment order is not exempt from attachment in another garnishment proceeding upon the ground that it is property *in custodia legis.*

SAME—*same.*

  The fact that by an agreement between the owner of a judgment obtained by garnishment against a government beneficiary and his attorneys the latter were to receive a certain percentage of the sum recovered, the judgment not having been assigned, would not prevent the attachment of the salary warrant in another garnishment proceeding by a creditor of the owner of the judgment, if the proceeding could otherwise be maintained.

SAME—*statutory attorney's fees.*

  Statutory attorney's fees in assumpsit cases are taxed as part of

the judgment, and as between the owner of the judgment and his creditors belong to him, and not his attorneys.

SAME—*attachment of debts on application of judgment creditor.*

In order to sustain a garnishment under section 2808 of the Revised Laws the applicant must show that he is a judgment creditor or has succeeded to the rights of a judgment creditor under a valid judgment.

DISTRICT MAGISTRATES—*pleadings in district courts.*

The rule which dispenses with rigid forms of pleading in the district courts does not obviate the necessity of stating all the essential facts required to entitle one to a special order in a statutory proceeding.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is an appeal from an order made by the district court of Honolulu on May 10, 1917, whereby the garnishee was directed to pay to the plaintiff the sum of $48.34 then "in the hands of the garnishee" and payable at the order of court on behalf of the defendant Gill on account of a judgment theretofore obtained by him against one Ohrt, and the further sum of $9.75 then due and payable to the defendant by the city and county for jury fees. The plaintiff filed a sworn petition in the court below alleging that on November 9, 1914, one Byrne obtained judgment against Gill in the sum of $320.10, which had been partly satisfied, but on which the sum of $195.72 was still due and owing; and that Bicknell, the auditor of the city and county, was the debtor of the defendant. It was also alleged that "on the 9th day of May, A. D. 1915, the said plaintiff, J. J. Byrne, deceased, and under the last will and testament of the said J. J. Byrne, deceased, the plaintiff herein was named as the sole heir of the said J. J. Byrne, deceased, and by virtue of said last will and testament, the plaintiff herein is now the owner and holder of said judgment aforesaid." The petitioner prayed for an order attaching all debts owing or accruing from the garnishee to the defendant

to answer the debt alleged to be due the plaintiff.   It appeared that the salary of Ohrt had been garnisheed by Gill as that of a government beneficiary, and a preliminary order was made in this case directing Bicknell, as auditor, to hold any warrant for the salary of Ohrt in the sum of $48.34, the amount payable under the garnishee order to satisfy the judgment in the prior case, subject to the order of the court in this proceeding.   Then application was made by the plaintiff for the examination of the defendant as a judgment debtor under the provisions of section 2807 of the Revised Laws.   The defendant was summoned and examined, and his counsel moved that the application for a final order against the garnishee be quashed on several grounds.   The motion was denied, and the order appealed from entered.   The garnishee was not summoned to appear and show cause as the statute requires.

This appeal has been brought upon four points of law. Under the second point it is argued that salary warrants held by order of court under a garnishment order are *in custodia legis*, and therefore, not subject to further garnishment proceedings.   But the status of the garnishee in an action against a government beneficiary is not that of an officer of the court, but of a party to the action.   In case the plaintiff obtains judgment, it becomes the duty of the garnishee, upon being given proper notice, to issue his warrant or warrants to the extent necessary to satisfy the judgment directly to the plaintiff in the action.   R. L. 1915, Sec. 2830.   Such warrants do not go through the hands of the court and cannot be regarded as *in custodia legis*.   Under the  third and fourth points it is contended that twenty-five per cent of the amount recovered in the prior case belonged to Gill's attorneys by reason of a contract made between them and Gill for their compensation, and that so much of the judgment against Ohrt as consisted of attorney's fees allowed by statute (R. L. 1915,

Sec. 2547) also belonged to the attorneys, and, therefore, could not be attached by a judgment creditor of Gill as moneys belonging to him. We do not sustain these contentions. As between the parties to this proceeding the amount of the judgment against Ohrt was payable to Gill or whoever might legally stand in Gill's place. No part of the judgment had been assigned by Gill to his attorneys. And the statutory attorney's fees which were taxed in that case became payable to Gill as part of the judgment. Whatever claims or rights the attorneys may have in the premises are solely against their client.

The appellant's contention under the first point, that in order to sustain a garnishment order under section 2808 of the Revised Laws the application must show the existence of a valid judgment in favor of the applicant, is sustained. Counsel for the appellee contend that under the liberality permitted with reference to pleadings in district courts the statement in the petition which is quoted above sufficiently shows that the plaintiff is the owner of the Byrne judgment. But the rule which dispenses with rigid forms of pleading in the district courts does not obviate the necessity of stating all the essential facts required to entitle one to a special order in a statutory proceeding such as this. The statute provides for the making of an application by a "judgment creditor." Byrne was the judgment creditor, and in order to enable Thompson to maintain the proceeding it was incumbent upon him to show that he had succeeded to Byrne's rights under the judgment. The death of Byrne, testate, was alleged, and that Thompson was named in the will as sole "heir." It was not alleged that the will had been admitted to probate, but if it had been, the executor, and not the beneficiary named in the will, would have been the proper party to institute the proceeding. It may be that the estate had been settled and that the plaintiff claims under an order

of distribution, but there was neither allegation nor proof that such was the case. The defect in this respect was not merely technical. It is quite possible that the administration of the estate has not been closed and that there are claims of creditors still unsettled. We hold that the allegation that the plaintiff is the owner of the judgment "by virtue of said last will and testament" was not sufficient to show a right or title on the part of the plaintiff to have the order which he sought and obtained. On behalf of the appellee two New York cases are cited. In *Seeley* v. *Connors*, 95 N. Y. S. 1109, it was held that an allegation that the "said judgment was duly assigned" to the applicant was sufficient, the fact not being controverted. The case of *Kemp* v. *Gartenberg*, 156 N. Y. S. 883, is more like the case at bar. There, it appeared in the movant's affidavit that the judgment had been assigned to a third party, and the motion was denied. The court held, citing other cases, that "the affidavit must nevertheless state who owns the judgment if it has been transferred, and how the applicant came to own it, whether by assignment or operation of law, so that it may appear that the proceedings are in fact brought by the real party in interest," and that where an assignee of a judgment seeks to examine a judgment debtor "he must show in his affidavit that he has a right to proceed upon the judgment and move in the matter." In the case at bar timely objection was raised as to the sufficiency of the allegations to enable Thompson to maintain the proceeding. In granting the order upon the showing made the district magistrate erred.

Argument was heard upon the questions whether the sum payable to Gill out of Ohrt's salary under the garnishment order in the prior case was a "debt" so as to be attachable under the statute (*Lee Ah Sue* v. *Chu Kee,* 6 Haw. 623) and, if so, whether the debtor was Bicknell, as auditor, or the municipality itself, but as these points, though important, were not specifically raised by the

appeal we shall not pass on them. *Territory* v. *Schaefer,* 19 Haw. 214, 218.

The order appealed from is reversed, and the case remanded for further proceedings by way of amendment or otherwise consistently with the views herein expressed.

*C. S. Franklin* (*Thompson & Cathcart* with him on the brief) for plaintiff.

*G. S. Curry* and *C. S. Davis* for defendant.