CHARLES W. WILSON *v.* FEUSON HOPPER, DEFENDANT, AND HAWAIIAN PLUMBING & SHEET METAL WORKS, GARNISHEE.

No. 2331.

SUBMITTED JANUARY 14, 1938.        DECIDED JANUARY 15, 1938.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

The appellee, plaintiff below, commenced an action in the district court of Honolulu against appellant for recovery of the value of necessaries alleged to have been furnished to appellant's wife. It is alleged that the necessaries were supplied to appellant's wife over a period of six months, that is, from June 13, 1936, to December 13 of the

same year. The account for each month, amounting to $75, is set forth in a separate count in the complaint. The first count, which is similar in language to the others, is as follows: "That heretofore and on or about to-wit: the 13th day of July, 1936, defendant became and was indebted to plaintiff in the sum of $75.00, being the reasonable value of necessaries supplied by plaintiff to the wife of defendant, which said necessary values consisted of food, shelter and clothing." The complaint concludes with a general allegation of demand upon plaintiff and refusal to pay and a prayer for judgment in the total sum of $450 with interest, etc.

Defendant interposed a demurrer to the complaint on the ground, among others, that plaintiff had failed to state a cause of action against him; that there was an absence of any allegation that the indebtedness sued upon was incurred by defendant or anyone in his behalf or was incurred under circumstances which would render him liable for the same.

The district magistrate overruled the demurrer and after hearing plaintiff's evidence rendered judgment in his favor for the sum of $482.64.

The defendant-appellant has perfected an appeal to this court on points of law. The only question of law which we deem it necessary to consider at this time is: Does the complaint state sufficient facts to constitute a cause of action? While it is well settled in this jurisdiction that in a civil action before a district magistrate the rigid forms of pleading may be dispensed with, the complaint should contain in brief all the essentials to a complaint in a court of record. (*Larrisch* v. *Schaefer,* 6 Haw. 140; *Thompson* v. *Gill,* 24 Haw. 16.)

It is not shown by the complaint where the contract for the alleged necessaries furnished appellant's wife by appellee was entered into and in the absence of any such

showing we can only assume that it had its origin in Hawaii and that the laws of the Territory are controlling.

Section 4651, R. L. 1935, creates a statutory responsibility on the part of the husband to provide for the support of his wife but it is the rule in this jurisdiction that an action of this nature cannot be maintained against a husband unless it be shown that he has neglected or refused to furnish his wife with suitable support. As clearly said in *Forrester* v. *Hurtt,* 18 Haw. 215: "A husband is bound to support his wife, and, if he refuses to do so, one who furnishes necessaries to the wife on the credit of the husband may recover from him the reasonable value thereof." (See also *Borba* v. *Leal,* 22 Haw. 1; *Kekoa* v. *Borden,* 5 Haw. 23.) "As the husband has the right primarily to say what are necessaries with respect to his wife, and who shall furnish them, he cannot ordinarily be held liable for articles purchased by his wife when he has not neglected or refused to furnish her with suitable support. So a person seeking to charge a man for necessaries supplied to the wife must show not only that the articles supplied were necessaries, but also that the husband has neglected to supply them." 13 R. C. L. 1199.

The absence in the appellee's complaint of any averment that the defendant had failed, refused or neglected to provide his wife with suitable support as required under the provisions of section 4651, R. L. 1935, is a fatal deficiency. For aught the record before us discloses the appellant may have at all times provided his wife with all reasonable necessaries. For this reason, if for none other, the complaint does not state a cause of action and appellant's demurrer should have been sustained.

The cause is remanded to the court below with instructions to vacate the judgment against defendant and to sustain his demurrer.

*E. J. Botts* for appellant.

*O. P. Soares* for appellee.