# MARTHA ING AND REBECCA ING v. ALBERT S. CHUNG, DEFENDANT, AND HAWAIIAN PINE-APPLE COMPANY, LIMITED, GARNISHEE.

## No. 2374.

SUBMITTED NOVEMBER 7, 1938. DECIDED DECEMBER 10, 1938.

COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY KEMP, J.

Section 4651, R. L. 1935, upon which this action is based, provides that "a husband * * * shall be bound to maintain, provide for and support his wife during marriage, in the same style and manner in which he supports himself; and shall be liable for all the debts contracted by

his wife for necessaries for herself or family during marriage." There are certain statutory exceptions to the foregoing which have no application to this case.

Plaintiffs' statement of their cause of action, being very brief, is set out in full as follows: "That heretofore and on or about to-wit: the 15th day of each and every month beginning with the month of September, 1934, to and including the month of October, 1936, one Emma Chung being then and there, and at all times the legal wife of defendant, contracted a debt with plaintiffs for necessaries for herself, the said Emma Chung, which necessaries consisted of food, clothing, and shelter, in the total sum of $875.00."

After setting forth two other causes of action upon which no evidence was offered the complaint alleged as to all three causes of action the following: "That for each of the items defendant is liable under the provisions of Section 4651 of the Revised Laws of Hawaii, 1935."

Defendant answered with a general denial and notice that he would rely upon the defenses of release, no consideration and payment.

At the trial, jury waived, defendant's wife and one of the plaintiffs were the only witnesses to testify in behalf of the plaintiffs. The defendant offered no evidence. Mrs. Chung testified that on September 15, 1934, she went to live with her two sisters, the plaintiffs; that her husband was then living at Lanai City; that because she did not have any money she made an arrangement with her sisters to supply her with food, clothing and shelter, which they did up to the time this suit was filed; that the arrangement was that their pay would be $35 per month and that they would look to her husband for their pay, that is, her husband would pay her and she would pay plaintiffs; that her husband never paid her and she had not paid plaintiffs. The only evidence having any bearing on the question of

whether or not Mrs. Chung was justified in living separate and apart from her husband or whether or not her husband had refused to support her is the evidence of Mrs. Chung, who testified as follows: "Q Where was your husband living at that time [September 15, 1934]? A Lanai City. * * * Q How did it come that you went to live with your sisters in October if your husband's home was at Lanai City? A He asked me to move up. Q Did you want to move up? A No."

The evidence of Martha Ing, one of the plaintiffs, adds nothing material to the evidence of Mrs. Chung.

The decision, being very brief, is also set out in full. It is as follows: "The plaintiffs having adduced their evidence, and the defendant having offered no evidence, I find from the evidence, that on or about the 15th day of September, 1934 plaintiffs agreed with defendant's wife to supply her with the necessaries of life for $35.00 per month being the agreed reasonable value thereof, and that they did so each and every month thereafter, to and including the 15th day of October, 1936; and that there is now due from defendant to plaintiffs by reason of the facts testified to, the sum of $875.00, for which amount, together with costs, interest and attorney's commissions judgment will be entered."

Defendant in due time excepted to the decision and to the judgment entered in accordance therewith and the case is here presented on his bill of exceptions.

Defendant asserts that plaintiffs have failed to either allege or prove that he failed, neglected or refused to provide his wife with suitable support and that said failure is fatal to their right to recover of him. He relies almost entirely on *Wilson* v. *Hopper,* 34 Haw. 423, where it was by this court held that the absence of an averment that defendant had failed, neglected or refused to provide his wife with suitable support is a fatal deficiency. In that

case the sufficiency of the complaint was attacked by demurrer which was overruled and on appeal it was held that the demurrer should have been sustained because of a failure to allege the failure, neglect or refusal of the husband to support his wife. Plaintiffs counter with the argument that this case is distinguished from *Wilson* v. *Hopper, supra,* in that this case is brought under that part of the statute which makes a husband liable for debts contracted by his wife for necessaries for herself during marriage whereas in *Wilson* v. *Hopper, supra,* the case was brought under that part of the statute which requires a husband to support his wife during marriage in the same style and manner in which he supports himself.

We think, however, that said cases cannot be so distinguished. In our opinion plaintiffs misconceive the purposes of the statute. But one cause of action is granted and that is upon debts contracted by the wife for necessaries for herself and family during marriage. The provision that "the husband * * * shall be bound to maintain * * * his wife during marriage" refers merely to the legal duty imposed by the statute upon the husband. There is therefore only one basis of liability of a husband for necessaries furnished to his wife and that is for debts contracted by her for such necessaries upon the credit of her husband, in which event the rule of "enforced agency" or "agency by necessity" is applied unless the wife has, by her conduct, forfeited her right to support by her husband. (1 Williston, Contracts [Rev. ed.], § 270, p. 778; 1 Schouler, Marriage, Divorce, Separation and Domestic Relations [6th ed.], § 84, p. 106; *Peaks* v. *Mayhew,* 94 Me. 571; *Benjamin* v. *Dockham,* 134 Mass. 418; *Fisher* v. *Drew,* 247 Mass. 178; *Mayhew* v. *Thayer,* 8 Gray's 172.)

Actual living together is not essential to invest the wife with authority to purchase necessaries on her husband's credit but if they are living apart the burden is upon the

plaintiff, who seeks to recover for necessaries furnished the wife with knowledge of the separation, to show that they either lived apart by mutual consent or that the separation was occasioned by the fault or misconduct of the husband. (*Peaks* v. *Mayhew, supra.*)

The rules established by the above cases have been followed by this court in the following cases: In *Forrester* v. *Hurtt,* 18 Haw. 215, 216, the court used the following language: "A husband is bound to support his wife, and, if he refuses to do so, one who furnishes necessaries to the wife on the credit of the husband may recover from him the reasonable value thereof. But where the husband and wife are living separate and apart, one furnishes necessaries to the wife at his peril and must show, among other things, in order to recover, that the wife was in need of the necessaries, that the husband failed to supply her with them, and that she had authority to bind her husband, that is, that she was justified in living apart from her husband." The above language was quoted with approval in *Vivas* v. *Kauhimahu,* 19 Haw. 463. In *Andrews* v. *Whitney,* 21 Haw. 264, this court again cited *Forrester* v. *Hurtt, supra,* for the proposition that a wife forfeits her right to support by her husband if she lives apart from him without just cause. In *Kekoa* v. *Borden,* 5 Haw. 23, it is said that "where the husband and wife are living apart, the burden is on the plaintiff to show that the husband has refused his wife proper support at home, or he cannot recover." In *Dole* v. *Gear,* 14 Haw. 554, the rule is supported in the following language: "Both at common law and under our statute (Civ. L., § 1890) a husband is in general bound to support his wife in the style in which he supports himself. The remedy at law for a neglect of this duty is for the wife to purchase necessaries on her husband's credit and then for those who furnish such necessaries to sue the husband for their reasonable value. In order to recover they must prove

not only the reasonable value of the goods but also that the goods were necessary and that the wife was justified in living apart from her husband."

The evidence of Mrs. Chung is to the effect that her husband failed to supply her with funds to pay for the support furnished her by plaintiffs and that she had no money with which to pay them. There was, however, no direct allegation in the complaint of a failure, neglect or refusal of the husband to furnish his wife with the necessaries which she purchased on his credit. The merits of a demurrer on that ground need not be considered for the defendant interposed no demurrer.

There having been no demurrer to the complaint or objection to the evidence relied upon to establish facts which it is argued should have been alleged, it is argued that whatever defects there may be in the complaint are cured by the judgment. In *Notley* v. *Notley*, 23 Haw. 724, 736, the bill only inferentially alleged one of the essentials of the cause of action declared upon. No demurrer was interposed and much evidence was admitted, without objection, tending to prove the fact defectively pleaded. This court held that the defect in the pleadings was thereby cured. In *County of Hawaii* v. *Purdy*, 22 Haw. 272, 286, it is pointed out that the above rule applies where the evidence is admitted without objection to prove a fact imperfectly pleaded but that no such result follows where the evidence is objected to when offered. The court further pointed out that in some cases this rule is held to apply only to the introduction of evidence to prove facts defectively alleged but not wholly wanting while other cases allow the proof of material facts, which are entirely omitted from the pleading, to cure such omission. In *Nanie* v. *Namea*, 3 Haw. 628, the declaration failed to allege the character of plaintiff's title but its character could be implied from other allegations. The declaration was held

to have been aided by the verdict. In all of the above cases an essential fact was defectively alleged but was not wholly wanting and this court, in the last-mentioned case, supports the rule that a pleading which wholly fails to allege an essential fact is not aided by verdict and likewise supports the rule that a pleading which defectively or imperfectly alleges an essential fact is aided by verdict.

Plaintiffs rely upon the judgment to supply any deficiency in the pleading and upon the evidence above quoted to establish that Mrs. Chung was justified in living separate and apart from her husband and therefore still capable of binding him to pay for necessaries furnished her.

In the case at bar the complaint, after alleging that defendant's wife contracted a debt with plaintiffs for necessaries for herself, further alleged that the defendant is liable therefor under the provisions of section 4651. The allegation that the defendant is liable under the provisions of section 4651 is a very imperfect method of pleading an essential fact but is sufficient in the absence of demurrer when aided by the evidence received without objection and a decision based thereon. The evidence above alluded to was admitted without objection and the court, in its written decision, after finding that the plaintiffs agreed to and did furnish the defendant's wife with the necessaries of life for $35 per month, the agreed reasonable value thereof, concluded that by reason of the facts testified to the defendant is liable. While we must say that it would have been much more satisfactory had the court made a specific finding of fact based on the evidence tending to establish the fact that Mrs. Chung was living with her sisters, the plaintiffs, with her husband's consent, since said evidence is not controverted, if it is capable of establishing that fact the finding for the plaintiffs imports a finding of all subsidiary facts necessary to that conclusion. (*Fisher* v. *Drew, supra.*) The evidence relied upon is far

from being as explicit as is desirable but is capable of the construction claimed for it by the plaintiffs. Counsel for plaintiffs placed that construction upon it in his brief and in the reply brief of counsel for defendant that construction is not challenged. We think, therefore, that said evidence must be considered as though the ultimate fact had been properly alleged.

In *Forrester* v. *Hurtt, supra,* the wife was living apart from her husband with his consent and he undertook to avoid liability by showing that the separation was the fault of the wife in making false accusations against him. This court, however, held that such conduct not being sufficient to entitle him to a decree of divorce or separation from his wife, his consent to the separation constituted just cause for her living apart from him and made him liable for necessaries furnished his wife. The evidence in this case is to the effect that defendant requested his wife to go and live with her sisters and that although she did not want to do so she complied with his wishes. Our conclusion is that the evidence established that Mrs. Chung was justified in living apart from her husband, which brings the case within the rule of the adjudicated cases herein referred to.

The exception is therefore overruled.

*E. J. Botts* for defendant.

*O. P. Soares* for plaintiffs.